[Civil No. 711.    Filed March 28, 1900.]

[60 Pac. 880.]

P. J. MYERS et al., Defendants and Appellants, v. FARMERS AND MERCHANTS' BANK, a corporation, Plaintiff and Appellee.

1. APPEAL AND ERROR—RECORD—MINUTE ENTRY OF EVIDENCE OFFERED NOT PART OF—LAWS OF ARIZ. 1897, ACT NO. 71, SEC. 2, CONSTRUED.—Section 2 of act No. 71, *supra,* provides that when an appeal or writ of error is taken the clerk shall certify, among other things, all minute orders in the case. A recitation of what testimony was introduced is not a minute order within the meaning of the statute, and is not intended to take the place of a statement of facts or a transcript of the evidence provided for by section 1 of said act.

2. SAME—SAME—EVIDENCE—SUFFICIENCY—ADMISSIBILITY. — This court cannot review questions presented by assignments of error as to the admissibility and sufficiency where the only record is a minute entry of the clerk, stating that the plaintiff introduced certain evidence, rested, and the cause was submitted; for even if it is to be considered as a part of the record, it does not show that defendants objected to the admission of such evidence or that other or further evidence was not introduced by plaintiff.

3. SAME—SAME—BRIEFS—AGREED STATEMENT OF FACTS—MUST BE APPROVED BY TRIAL COURT.—The agreement of both appellee and appellants in their briefs as to the evidence does not afford grounds for review, as even an agreed statement of facts cannot become a part of the record of any cause on appeal, unless such agreed statement shall have first received the approval of the trial court.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Webster Street, Judge.    Affirmed.

The facts are stated in the opinion.

Kibbey & Edwards, and Baker & Bennett, for Appellants.

W. J. Kingsbury, for Appellee.

SLOAN, J.—We are asked to reverse the judgment in this case upon two grounds: First, that the court erred in admitting in evidence a certain verified account, which was appended to and made a part of the complaint filed in the cause; second, that the court erred in rendering judgment for the appellee and against the appellants without other evidence than said verified account and a certain original instrument, also appended to and made a part of the complaint. An inspection of the record discloses that this appeal was taken under the provisions of act No. 71 of the Laws of 1897. No bill of exceptions, statement of facts, or transcript of the evidence is in the record. There is a minute entry, made by the clerk, and brought into the record, to the effect that "The plaintiff, to sustain the issues on its part, offered in evidence certain documents, to wit, an agreement filed as 'Plaintiff's Exhibit A,' also an account as set forth in the plaintiff's complaint herein filed, and marked as 'Plaintiff's Exhibit B,' and plaintiff rests. Defendants offering no evidence, the cause was submitted to the court." Section 2 of said act No. 71 of the Laws of 1897 provides that when an appeal or writ of error is taken the clerk shall certify, among other things, all minute orders in the case. A recitation of what testimony was introduced is not a minute order, within the meaning of the statute, and is not intended to take the place of a statement of facts or a transcript of the evidence, provided for by section 1 of said act. But, even were we to accept this minute entry as a part of the record, there is nothing within the recital made to indicate whether or not the evidence offered and admitted was objected to by appellants. Before a ruling upon its admission could be made, there must have been an objection to its admission, and this, as we have said, does not appear. And, further, the recital in the minutes merely states that certain documents were offered in evidence, and that plaintiff rested. Presuming, as we must, in favor of the judgment and of the regularity of the court's proceedings, we cannot take the recital as a statement that no other or further evidence was introduced by plaintiff than that specified. The briefs filed both by appellant and appellee assume that no other evidence than the agreement and account mentioned

in the minutes of the clerk were introduced at the trial. This might be sufficient if we found any authority in the statutes for a trial of an action in this court brought on appeal or writ of error upon anything else than the record. Before even an agreed statement of facts can become a part of the record of any cause brought here on appeal or writ of error, such agreed statement must first have received the approval of the trial court. We cannot, therefore, review the questions presented by the assignments of error, and the judgmnt is affirmed.

Street, C. J., and Davis, J., concur.