[No. 15302. Department Two.—May 22, 1894.]

## THOMAS M. QUACKENBUSH, APPELLANT, v. JOHN J. REED, ADMINISTRATOR, ETC., ET AL., RESPONDENTS.

HOMESTEAD—FILING OF INSUFFICIENT DECLARATION—OMISSION OF PART OF ACKNOWLEDGMENT IN RECORD—MORTGAGE BY HUSBAND.—Where a declaration of homestead and the acknowledgment of it are in all respects perfect, the premises described in the declaration constitute a homestead from the time of the filing of the declaration for record, and the omission by the recorder of a part of the acknowledgment in copying the declaration into the proper book does not affect the validity of the homestead, as against a subsequent mortgage executed by the husband alone upon the homestead premises.

ID.—CONSTRUCTIVE NOTICE—LOCATION OF HOMESTEAD.—Constructive no-
tice is a creature of statute; and the statute has not made the record of
the declaration of a homestead notice to any one, but the question as to
the existence of a homestead depends solely upon compliance with the
law authorizing the homestead, which, although requiring the declara-
tion to be recorded, declares, that, from and after the filing for record of
a declaration, the husband and wife shall be deemed to hold the home-
stead as joint tenants.

ID.—CONSTRUCTION OF HOMESTEAD LAW—REMEDIAL STATUTE.—The home-
stead law is remedial, and is to be liberally construed in favor of the
exemption.

ID.—DESCRIPTION IN DECLARATION—REFERENCE TO MAP AND DEED.—
Where the premises are described in the declaration of homestead by
reference to a map made by a civil engineer and surveyor, as part of
a certain rancho, and as particularly described in a recorded deed, the
record of which is referred to in the declaration, and which sufficiently
describes the premises, the description of the land in the declaration of
homestead is sufficient.

ID.—JOINT INTENTION OF HUSBAND AND WIFE NOT NECESSARY.—The stat-
ute does not require a joint intention of the husband and wife to claim
the premises as a homestead, but allows either husband or wife to make
and file the declaration; and this right cannot be taken from either by
the refusal of the other to join in the claim.

ID.—VALUE OF HOMESTEAD—VALIDITY OF MORTGAGE.—The homestead con-
sists of the premises described in the declaration, and the question as to
whether its value is more than five thousand dollars is not material to
the validity of a mortgage executed by the husband alone upon the
premises, and every attempt of the husband to convey or mortgage it
is unavailing.

APPEAL from a judgment of the Superior Court of
Marin County, and from an order denying a new trial.

The facts are stated in the opinion.

*Pringle, Hayne & Boyd,* for Appellant.

The declaration of homestead is invalid, because it
was not recorded. (Hittell's Gen. Laws, sec. 354; Throop
on Public Officers, secs. 707, 747; *Turrell* v. *Andrew Co.,*
44 Mo. 311; Wade on Notice, secs. 148, 149; *Chamberlain*
v. *Bell,* 7 Cal. 292; 68 Am. Dec. 260; *Kelsey* v. *Dunlap,*
7 Cal. 160; *Sanger* v. *Craigue,* 10 Vt. 555; *Jennings* v.
*Wood,* 20 Ohio, 261; *Frost* v. *Beckman,* 1 John. Ch. 288;
*Baldwin* v. *Marshall,* 2 Humph. 116, 118; *Lally* v. *Hol-
land,* 1 Swan, 396, 402; *Pringle* v. *Dunn,* 37 Wis. 449; 19
Am. Rep. 772; *Parret* v. *Shaublut,* 5 Minn. 323; 80 Am.

Dec. 424; *Sawyer* v. *Adams*, 8 Vt. 172; 30 Am. Dec. 459; *New York Life Ins. Co.* v. *White*, 17 N. Y. 469, 473; *Mutual Life Ins. Co.* v. *Dake*, 87 N. Y. 257, 263; *Shepperd* v. *Burkhalter*, 13 Ga. 443; 58 Am. Dec. 523; *Miller* v. *Bradford*, 12 Iowa, 14; *Barnard* v. *Campan*, 29 Mich. 164. See, also, 1 Jones on Mortgages, secs. 550, 552; Warvelle on Abstracts, 69.) The declaration of homestead does not particularly describe the premises. The reference to another instrument is not a sufficient compliance with this express statutory requirement. (See *In re New York C. R. R. etc.*, 70 N. Y. 191; *Toledo R. R. Co.* v. *Munson*, 57 Mich. 42; *Chicago R. R. Co.* v. *Sanford*, 23 Mich. 418; *People* v. *Cone*, 48 Cal. 427, 429.) The plaintiff should have been allowed to amend, at least to prove the value of the homestead at the time of the filing of the declaration. (*State* v. *Delaney*, 37 Cal. 176; *Ham* v. *Santa Rosa Bank*, 62 Cal. 125, 139.)

*Lindley & Eickhoff*, for Respondent.

The respondent having executed and acknowledged in due form a valid declaration of homestead, and placed the same in the hands of the recorder for the purpose of recordation, did all that the law required her to do, and her rights could not be jeopardized by the failure of the recorder to perform his ministerial duty. (Wade on Notice, sec. 162; Stats. of 1860, sec. 1, p. 311; Hittell's General Laws, sec. 667; Civ. Code, sec. 1170; *Meherin* v. *Oaks*, 67 Cal. 58; *Donald* v. *Beals*, 57 Cal. 399; *Harrold* v. *Simonds*, 9 Mo. 326; *Riggs* v. *Boylan*, 4 Biss. 445; *Franklin* v. *Cannon*, 1 Root, 500; *Judd* v. *Woodruff*, 2 Root, 298; *Throckmorton* v. *Price*, 28 Tex. 606; 91 Am. Dec. 334, and note, p. 336.) The description in the declaration is sufficient, as it refers to the description in the deed. (*Ornbaum* v. *Creditors*, 61 Cal. 455, 458; *Schuyler* v. *Broughton*, 76 Cal. 524, 526; *Vance* v. *Fore*, 24 Cal. 435, 444; *Caldwell* v. *Center*, 30 Cal. 539, 543; 89 Am. Dec. 137; *Powers* v. *Jackson*, 50 Cal. 429; *Hudson* v. *Irwin*, 50 Cal. 450.) That is certain which can be made certain. (Civ. Code, sec. 3538; *Thompson* v. *Motor Road Co.*, 82

Cal. 497, 500.) Homestead laws are remedial measures, and as such are to be liberally construed. (*Schuyler* v. *Broughton*, 76 Cal. 524; *Southwick* v. *Davis*, 78 Cal. 504, 508.) Having, as we think, established the propositions that the homestead declaration is valid, that the appellant is not a purchaser without notice, and that the homestead was created by the filing of the declaration, it follows as a corollary that plaintiff's mortgage is invalid for any purpose. (Stats. of 1860, sec. 1, p. 311; *Barber* v. *Babel*, 36 Cal. 11, 14; *Flege* v. *Garvey*, 47 Cal. 371, 375; *Gleason* v. *Spray*, 81 Cal. 217, 220.) Property impressed with the character of homestead, no matter what its value, is exempt from seizure and forced sale. (*Sanders* v. *Russell*, 86 Cal. 119; *Barrett* v. *Sims*, 59 Cal. 615.)

TEMPLE, C.—This is an action to foreclose a mortgage dated December 8, 1887, executed by Hugh Boyle, now deceased. Defendant Carmelita Natividad Boyle is the widow of Hugh Boyle, and was the wife of the decedent at the time of the execution of the mortgage, April 29, 1872. She, being then the wife of Hugh Boyle, made a declaration of homestead, which was in due form and properly acknowledged and duly filed for record in the recorder's office of Marin county, where the property is situated, in which the mortgaged premises were claimed as a homestead. The mortgage was executed by the husband alone, and defendants now claim that it is void.

Plaintiff contends that the premises were not impressed with the character of a homestead, because,

1. The declaration, though duly filed for record, was not recorded; 2. It does not particularly describe the premises; and, 3. The declaration does not state that it was the intention of both husband and wife to claim the premises as a homestead, but only that it was the intention of the declarant (the wife) to claim such exemption.

Appellant also claims that,

1. That he was a purchaser for value without notice; 2. That the court erred in not permitting him to amend his complaint, and avers that when the declaration was

filed the premises were of the value of thirty thousand dollars; also in not permitting him to show the present value of the premises that he might recover the excess.

The appeal is from the judgment, and from an order refusing a new trial.

The declaration was filed under the homestead law of 1860, Hittell's Laws, sec. 3541 et seq. The declaration was copied by the recorder into the proper book, but he omitted from the acknowledgment the words, "and who is personally known to me to be the person whose name is subscribed to the said annexed instrument as a party thereto."

Section 1 of the act of 1860 reads as follows:

"The homestead, consisting of a quantity of land, together with the dwelling-house thereon and its appurtenances, not exceeding in value the sum of five thousand dol'ars, to be selected by the husband and wife, or either of them, or other head of a family, shall not be subject to forced sale in execution or any final process from any court, for any debt or liability contracted or incurred after the passage of the act to which this is amendatory. Said selection shall be made by either the husband or wife, or both of them, or other head of a family, declaring their intention, in writing, to claim the same as a homestead. Said declaration shall state that they, or either of them, are married, or, if not married, that he or she is the head of a family; that they, or either of them, as the case may be, are at the time of making such declaration residing with their family or with the person under their care and maintenance on the premises, particularly describing said premises, and that it is their intention to use and claim the same as a homestead; which declaration shall be signed by the party making the same, and acknowledged and recorded as conveyances affecting real estate are required to be acknowledged and recorded, and from and after the filing for record of such declaration the husband and wife shall be deemed to hold said homestead as joint tenants; and all homesteads heretofore appropriated

and acquired by husband and wife under the act to which this act is amendatory shall be deemed to be held by such husband and wife in joint tenancy."

The declaration and the acknowledgment being in all respects perfect, does this omission render the claim of homestead void?

Appellant contends that as the section above quoted provides that the declaration shall be recorded, as conveyances are required to be recorded, and as such conveyances, as the law stood before the code, must have been copied into the record with the proper certificate of acknowledgment in order to impart notice, it must follow that the same rule applies to homesteads under the act of 1860. There was then no such provision of law as section 1170 of the Civil Code, to the effect that an instrument shall be deemed to be recorded when duly filed for record.

Appellant claims that the record when made is retroactive, and then makes the record notice from the time of filing. I find some difficulty in understanding a retroacting notice. Those who purchase intermediate the filing and the record are purchasers with notice, if the instrument be correctly copied into the proper book, but they will be purchasers without notice if the recorder inadvertently or corruptly omits a word from the acknowledgment This opens a wide field for fraud, and seems to me unreasonable. Of course, as the constructive notice is a creature of statute, the legislature could make it what they please. But absurd or unfortunate results should be avoided if possible.

But I do not find any provision making the record of a declaration of a homestead notice to any one. Certainly the language quoted requiring that it shall be recorded as conveyances are required to be recorded is entirely insufficient for that purpose. It is not included in section 24 of the act of 1850 (Hittell's Gen. Laws, sec. 649), nor in sections 25 and 26 of the same act.

Nor was it necessary. The question as to homestead under that act was always *domicilium vel non.* Has the

law authorizing the homestead been complied with or not? If the law has been followed the premises constitute a homestead; if not, not. True, the legislature has wisely provided for a record, but the provision with reference to it is important only as one thing to be done, as a condition precedent to the creation of the homestead.

What then does the statute require ·to be done in order to create the homestead? It will not be denied that defendant Boyle did all that it was incumbent upon her to do when she filed for record a proper declaration properly acknowledged. But the legislature has power to declare that the homestead character shall not attach until and unless the officer has performed his duty and correctly copied the declaration into the proper book. Has it so provided? I think not. Appellant contends that the rule of construction applicable to cases where parties are deprived of their rights by legal proceedings, as in suits to condemn land, shall prevail. But this court has decided otherwise, that the law is remedial, and is to be liberally construed in favor of the exemption. (*Schuyler* v. *Broughton,* 76 Cal. 524; *Southwick* v. *Davis,* 78 Cal. 504, 508.)

The statute says that the declaration shall be acknowledged and recorded as conveyances of real estate are required to be acknowledged and recorded, "and from and after the filing for record of said declaration, the husband and wife shall be deemed to hold said homestead as joint tenants." There could hardly be a plainer declaration that the premises constitute a homestead from the time of filing.

2. The premises are described in the declaration by reference to a map made by H. Austin, civil engineer and surveyor, as a part of the Reed rancho, and as particularly described in a deed which is referred to, giving the names of the parties to it, the date and the page of the record in the recorder's· office of the same county in which the declaration of homestead was filed.

It is not contended that the record referred to does

not give a full and ample description, but it is contended that the premises cannot be described by such reference in a declaration of homestead. If the record referred to does not particularly describe the premises the point might be well taken. As it is, even with the aid of the earnest and able argument of counsel, I fail to see why the case is not completely covered by the case of *Ornbaum* v. *His. Creditors*, 61 Cal. 455.

3. A mere reading of the statute above set out is a sufficient answer to the objection that the declarant did not state that it was the joint intention of both herself and husband to claim the premises as a homestead. The statute explicitly and carefully provides that either husband or wife may make and file the declaration. This right cannot be taken from either by the refusal of the other to join in the claim. This policy, so plainly manifested, is not defeated by the use of the plural pronoun " their." The context plainly shows that it was not meant to require a joint intention.

The claim that plaintiff is an encumbrancer in good faith need not be further discussed.

If plaintiff could have shown that the homestead claim was void because the premises were at the time of the declaration worth more than five thousand dollars, he required no amendment to his complaint for that purpose. So, to, if the homestead did not include the entire premises, because the homestead right only extended to land worth five thousand dollars, that could have been shown without further averment. But the position is not sound. The homestead was the land or premises described (*Sanders* v. *Russell*, 86 Cal. 119), and every attempt to convey or mortgage it is unavailing. I see no real difference, so far as this point is concerned, between the statute of 1860 and the present homestead law. In each the homestead consists of the premises described in the declaration.

I think the judgment and order must be affirmed.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

McFARLAND, J., FITZGERALD, J., DE HAVEN, J.

Hearing in Bank denied.