[Civil No. 809.   Filed March 20, 1903.]

[71 Pac. 902.]

ARTHUR J. EDWARDS, Administrator of the Estate of Edward P. Hayden, Deceased, Plaintiff and Appellant, v. CHARLES F. SIMMS et al., Defendants and Appellees.

1. APPEAL AND ERROR — ABSTRACT OF RECORD — BILL OF EXCEPTIONS — STATEMENT OF FACTS—NECESSITY FOR.—An abstract of record cannot supply the absence of a bill of exceptions or statement of facts.

2. SAME—SAME — INSUFFICIENCY — PREVENTS REVIEW—WHEN.—Where the record does not contain the full contents of deed offered in evidence and rejected, the judgment will not be reversed for such rejection, as there might have existed valid reasons therefor, such as the form of its acknowledgment or defects in its execution which made it incompetent.

3. HOMESTEAD—MORTGAGE—VALIDITY—CONVEYANCE BY ONE SPOUSE— EVIDENCE—VALUE IMMATERIAL—NO LIEN AS TO EXCESS.—It is not error for the trial court to reject evidence offered by plaintiff

tending to show the value of the homestead was in excess of four thousand dollars, for the purpose of showing that a mortgage, invalid as against the homestead, attached to the excess, as every attempt by either spouse to convey or mortgage the homestead, without the other joining in such conveyance or mortgage, is unavailing to create any lien thereon, irrespective of the value thereof.

4. SAME — SAME — CONVEYANCE—AGREEMENT TO ASSUME MORTGAGE— NOT BINDING—CONSIDERATION.—An agreement by the grantees of a homestead to assume the payment of a mortgage thereon, as part payment of the purchase price, is without consideration, where the court found the mortgage to be null and void; the conveyance also being presumptively inefficient to convey any interest to the purchaser.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Edward Kent, Judge. Affirmed.

The facts are stated in the opinion.

Joseph H. Kibbey, for Appellant.

Baker & Bennett, for Appellee.

The wife cannot sell or convey her interest in the homestead to the husband. *Welsh* v. *Rice*, 31 Tex. 689, 98 Am. Dec. 556; *Kitterlin* v. *Milwaukee etc. Ins. Co.*, 134 Ill. 647, 25 N. E. 772, 10 L. R. A. 220; *Anderson* v. *Smith*, 159 Ill. 93, 42 N. E. 306; *Flege* v. *Garvey*, 47 Cal. 372; *Freirmuth* v. *Steigleman*, 130 Cal. 392, 80 Am. St. Rep. 138, 62 Pac. 615.

The deed in question is not acknowledged in the manner required by the statute then and now in force regarding acknowledgments by married women of instruments conveying the homestead, in this, that the certificate of acknowledgment does not show that she was examined separate and apart from her husband. Rev. Stats. 1887, pars. 226, 2581.

This defect in the acknowledgment is fatal to the effect of the instrument as a conveyance of the homestead. *Pease* v. *Barbiers*, 10 Cal. 437; *Landers* v. *Bolton*, 26 Cal. 393; *Ewald* v. *Corbett*, 32 Cal. 493; *Flege* v. *Garvey*, 47 Cal. 371; *Leonis* v. *Lazzarovich*, 55 Cal. 52; *Looney* v. *Adamson*, 48 Tex. 619; *Berry* v. *Donley*, 26 Tex. 745; *Rice* v. *Peacock*, 37 Tex. 392; *Sibley* v. *Johnson*, 1 Mich. 380.

Separate conveyances by husband and wife of the homestead are void. *Hart* v. *Church,* 126 Cal. 471, 77 Am. St. Rep. 195, 58 Pac. 910; *Flege* v. *Garvey,* 47 Cal. 371.

SLOAN, J.—Arthur J. Edwards, as administrator of the estate of Edward P. Hayden, deceased, brought suit against Charles F. Simms and George T. Brosius, as executors of the last will and testament of James T. Simms, deceased, Hanna T. Simms, the Simms Improvement Company, and others, to foreclose a mortgage given by James T. Simms in his lifetime to secure a note for three thousand dollars on property described as lots 1, 7, 9, 11, 13, 15, 17, 18, 19, 20, and 21 in block numbered 1 in Simms' Addition to the city of Phœnix. The court below found the mortgage to be null and void, and entered a personal judgment against the executors of the estate of James T. Simms, deceased, for the amount of the note, with interest thereon. Edwards, as the administrator of the estate of Hayden, deceased, has appealed from this judgment.

The answer of the defendant Hanna T. Simms averred that James T. Simms died on or about September 20, 1898, and that she was his surviving wife; that the premises mortgaged were acquired during the marriage between said James T. Simms and herself; that on the first day of November, 1887, and again on the twelfth day of October, 1888, the said James T. Simms filed declarations of homestead, covering the premises mortgaged; that subsequently, on the thirtieth day of December, 1893, she, as the wife of the said James T. Simms, made her declaration of homestead on the same premises, and the same had never been released, relinquished, sold, granted, conveyed, or abandoned by the said James T. Simms or by herself. The trial court found the mortgage to be null and void for the reason that at the time the same was given the premises were the community property of James T. Simms and Hanna T. Simms, his wife, and covered by the declaration of homestead made by the latter.

From that part of the judgment declaring said mortgage null and void, Edwards, as the administrator of the estate of Hayden, deceased, brings this appeal. The appellant complains of the court's ruling in sustaining defendants' objection to the introduction of a certain deed purporting to be a

release executed by Hanna T. Simms to her husband, James T. Simms, prior to the execution of the mortgage and her declaration of homestead, "of all her right, title, and interest or estate, either real, contingent or expectant, and of every nature and description whatsoever, in and to the property which her husband, James T. Simms, owned or possessed, or which he may hereafter acquire during his lifetime," etc. The bill of exceptions in this case does not contain a copy of this deed, nor does it set forth its contents, nor does it anywhere appear in the record. In the abstract filed, the appellant recites the granting clause of the deed substantially as above given, but the full contents of the deed nowhere appear. But aside from this, an abstract cannot supply the absence of a bill of exceptions or statement of facts. The omission to bring up the evidence in the record makes it impossible for this court to reverse the cause for the reason stated. There might have existed valid reasons for the rejection of the deed in evidence, such as the form of its acknowledgment, or defects in its execution which made it incompetent as evidence, aside from its legal effect as a release of the homestead.

The appellant has assigned as error the refusal of the trial court to permit appellant to introduce evidence showing the value of the mortgaged property to be in excess of four thousand dollars, so as to show that the mortgage, even assuming it to be invalid as against the homestead right of Hanna T. Simms, yet attached to such excess. In the case of *Quackenbush* v. *Reed*, 102 Cal. 493, 37 Pac. 755, the supreme court of California had the same question before it. That court held that the homestead consisted of the land or premises described, and every attempt to convey or mortgage it by either spouse, without the other joining in such conveyance or mortgage, is unavailing to create any lien thereon, and that, too, notwithstanding the value of the homestead might be in excess of the value allowed to the family as a homestead. The Homestead Act of California was the basis for the Homestead Act in force in the territory at the time Hanna T. Simms made her declaration. The Arizona act, following the California statute, provided that a married man should not sell or lease the homestead, or create any lien thereon, without being joined by his wife. Other provisions of the act per-

mitted the plaintiff in execution, who might be dissatisfied with the value of the land claimed as a homestead, to have its value determined by appraisers provided for in the act, and any excess in its value above four thousand dollars applied in satisfaction of his execution. To hold that a married man might, without being joined by his wife, mortgage a homestead so as to make the mortgage good and enforceable against any excess in its value above four thousand dollars, as very properly held by the California supreme court, would be to permit him to create a lien upon such homestead, and to permit a thing forbidden by the statute. The trial court did not err in rejecting the evidence offered by plaintiff tending to show the value of the homestead.

The appellant further complains that the court should have entered judgment against certain of the defendants who were shown to have purchased certain of the lots covered by the mortgage, and by the declaration of homestead subsequent to the same, for the reason that it was shown that, as a part consideration for such purchases, they agreed to pay the mortgage debt. As the court found the mortgage to be null and void, it necessarily found that the consideration for such agreement had failed. For these conveyances, as well as the mortgage, were inefficient to convey away any of the rights of Hanna T. Simms, and presumptively inefficient to convey any interest to the purchasers. It would be illogical for the court to hold that the mortgage was void, and yet seek to bind these purchasers of the mortgaged premises for the payment of the same.

The judgment of the trial court is affirmed.

Davis, J., and Doan, J., concur.