[Civil No. 873.   Filed November 18, 1905.]

[83 Pac. 358.]

ADOLPH BAIL et al., Defendants and Appellants, v. FRANCIS M. HARTMAN, as Trustee in Bankruptcy of the Copartnership Firm of Benbrook & Donovan, Bankrupts, Plaintiff and Appellee.

1. BANKRUPTCY—INVOLUNTARY — PETITION—INFORMAL—JURISDICTION— COLLATERAL ATTACK.—The Bankruptcy Act provides that petitioning creditors must have provable claims amounting in the aggregate to the sum of five hundred dollars before they may institute bankruptcy proceedings against a debtor. The form prescribed by the supreme court for a creditors' petition requires, in addition to the general allegation, that the petitioners have provable claims to the amount of five hundred dollars against the defendant debtor, and a statement setting forth with particularity the nature and amount of each of such claims. *Held,* where a petition sets forth that the petitioning creditors have provable claims amounting to five hundred dollars, but omits to state the nature and amount of each claim, that such omission does not render a judgment based thereon void for want of jurisdiction and open to collateral attack.

2. SAME—PETITION—VERIFICATION—NOT JURISDICTIONAL.—A defect in a verification by reason that it may not have been made by the proper parties, is a formal matter, and not jurisdictional.

3. SAME—JURISDICTION—SUBPŒNA.—Where a subpœna issued in bankruptcy proceedings was served on a member of a firm, and in effect notified him that a petition in bankruptcy had been filed by the petitioning creditors, and that it prayed for an adjudication of bankruptcy against the firm, whatever informality there may have been in the form of the subpœna, it nevertheless contained sufficient to put the member of the firm served upon notice of the proceeding.

4. SAME—JURISDICTION—SERVICE UPON PARTNER—OVER-PARTNERSHIP— ACT CONGRESS JULY 1, 1898, CHAP. 541, SEC. 5, SUBD. *c*, 30 STATS. 547 (U. S. COMP. STATS. 1901, P. 3424), CONSTRUED.—Under section 5, subdivision *c*, *supra*, providing that ''the court of bankruptcy which has jurisdiction of one of the partners may have jurisdiction

IX Ariz.—21

of all the partners and of the administration of the partnership
and individual property,'' a subpœna served on a partner gives the
court jurisdiction to administer the partnership property.

5. APPEAL AND ERROR—ASSIGNMENTS OF ERROR—NOT ARGUED IN BRIEF
—WAIVED.—Assignments of error not argued by counsel in brief
will not be ·considered.

6. SAME—FINDINGS—EVIDENCE—SUFFICIENCY—REVIEW.—Where the evi-
dence is sufficient to sustain a finding of fact, such finding will not
be disturbed on appeal.

APPEAL from a judgment of the District Court of the
First Judicial District in and for the County of Pima.
George R. Davis, Judge. Affirmed.

The facts are stated in the opinion.

Hereford & Hazzard, for Appellant.

Francis M. Hartman, for Appellee.

SLOAN, J.—The appellee, Francis M. Hartman, as trustee
in bankruptcy of the copartnership firm of Benbrook &
Donovan, brought suit in the district court of Pima County
to recover from the appellants, Adolph Bail and E. P. Drew,
the possession of certain personal property, or the value
thereof. The appellee in his complaint alleged that the prop-
erty sought to be recovered was an asset of said copartner-
ship firm of Benbrook & Donovan, and that the defendants,
within four months prior to an adjudication of bankruptcy
against said firm, made in the district court of the first ju-
dicial district, had obtained a preference over other creditors
of said firm of the same class by bringing suit against said
firm, and by attaching said property under said writ of
attachment. The appellants, by way of plea in abatement, set
up that the plaintiff in the suit had no right or authority to
maintain the same as trustee in bankruptcy of said firm, for
the reason that the district court was without jurisdiction
to enter its judgment declaring the said firm of Benbrook
& Donovan bankrupts, in that—1. Because the petition in
bankruptcy proceedings was insufficient in law ‘in the particu-
lar that it did not state the residence of the creditors nor of
the signers of the petition, and in the further particular that

it did not state whether said creditors were individuals, partners, or corporations. 2. Because no summons or subpœna was ever ordered served, or was served, upon said firm of Benbrook & Donovan, or any member thereof, requiring said firm, or any member thereof, to appear and answer the petition, and no appearance was made in said proceedings by said firm of Benbrook & Donovan. 3. Because the petition did not fully describe or set forth the claims of the petitioning creditors, or state the amounts of the same. 4. Because the petition did not appear to be verified by the petitioning creditors, or any one in their behalf authorized in law to verify the same. 5. Because the petition did not show or allege that the firm of Benbrook & Donovan was not engaged in the business of farming. Appellants also, in bar of the action, pleaded that the adjudication of bankruptcy against the firm of Benbrook & Donovan by the district court was void for want of jurisdiction, and the appointment of appellee as trustee in bankruptcy of the property of said copartnership firm was therefore invalid for the same reason. The appellee demurred to the plea in abatement, on the ground that it was insufficient in law to constitute a defense to the action. The demurrer to the plea in abatement was sustained by the trial court. A trial was had upon the general issue, and judgment rendered for the appellee, from which judgment this appeal is taken.

Upon the trial, the record in the bankruptcy proceedings in the district court against the firm of Benbrook & Donovan, over the objections made by appellants, was introduced in evidence. This record discloses that a petition signed by Fred Barman & Bro., Willard Bros., and Sideman, Lachman & Co., was filed in the district court of the first judicial district on the nineteenth day of September, 1902. The petition set forth that J. H. Benbrook and R. J. Donovan, for the six months next preceding the date of filing the petition, had been residents of Tucson, Arizona, and engaged in business therein as partners under the firm name and style of Benbrook & Donovan, and that they, each of them, and the partnership owed debts in an amount exceeding one thousand dollars; that the petitioners were ''creditors of said firm, having provable claims amounting in the aggregate, in excess of securities held by them, to the sum of $500.'' The peti-

tion further alleged the insolvency of Benbrook & Donovan, and each of the members of said firm, and that, within four months preceding the filing of the petition, the firm had committed an act of bankruptcy in suffering and permitting, while insolvent, one Adolph Bail, a creditor of said firm, to obtain a preference over other creditors through legal proceedings, and in not having, at least five days before a sale or disposition of the property affected by said preference, vacated or discharged such preference; and further, that the said firm committed an act of bankruptcy within said four months by transferring, while insolvent, to said Adolph Bail, as such creditor, a certain stock of goods, with intent to prefer said Adolph Bail over other creditors. The petition further alleged that the said firm was not engaged in tilling the soil, nor was either of the members thereof a wage-earner. The petition contained the usual prayer for the issuance of a subpœna directed to said firm, and for an adjudication by the court of bankruptcy against the partnership. The petition was verified by the oaths of Fred Barman, J. Willard, and M. J. Sideman. Upon the filing of the petition, an order was made by the court setting a time within which said firm should appear in said court and answer the petition, and a further order was made that a copy of the petition, with a writ of subpœna, be served upon said firm of Benbrook & Donovan at least five days before the day set for the hearing of the petition. Under this order, a subpœna directed to J. H. Benbrook and R. J. Donovan was issued, commanding them personally to appear upon the day named in the order, and answer to the petition filed by said petitioning creditors. It further appears from the record that this subpœna was served upon R. J. Donovan by the United States marshal on September 20, 1902. No appearance was made by either member of the firm of Benbrook & Donovan, nor any appearance made on behalf of said firm. On the eleventh day of October, 1902, the petition was heard by the court, and a judgment entered declaring said firm of Benbrook & Donovan bankrupts.

The first assignment of error is based upon the ruling of the trial court admitting in evidence the record of the bankruptcy proceedings, and the overruling of appellants' objections to the same upon the grounds: 1. That the petition was

insufficient in matters of substance; 2. That it was not properly verified; and 3. That no proper service of subpœna was had on the firm of Benbrook & Donovan.

Considering these objections in their order, the omission of the petition to state the nature of the petitioners' claims and to give the amount of each is the only defect in the petition which presents any matter which calls for serious consideration. The Bankruptcy Act provides that petitioning creditors must have provable claims amounting in the aggregate to the sum of five hundred dollars before they may institute bankruptcy proceedings against a debtor. The rules prescribed by the supreme court of the United States contain no additional requirement than that prescribed in the act as to what the petition shall contain. The form, however, prescribed by the supreme court for a creditors' petition requires, in addition to the general allegation, that the petitioners have provable claims to the amount of five hundred dollars against the defendant debtor, and a statement setting forth with particularity the nature and amount of each of such claims. A failure to state the nature and amount of the claims held by the petitioning creditors in such a petition would doubtless render it subject to direct attack. Such an omission, however, does not seem to us to render a judgment based upon such petition void for want of jurisdiction, and thus open to collateral attack. The supreme court of the United States in *West Co.* v. *Lea,* 174 U. S. 599, 19 Sup. Ct. 839, 43 L. Ed. 1098, in referring to the rules prescribed in the court's general orders under the Bankruptcy Act, said: ''These rules are but intended to execute the act, and not to add to its provisions by making that which the statute treats in some cases as immaterial a material fact in every case.'' The material fact, under the Bankruptcy Act, which must be alleged and proven; is that the petitioning creditors have provable claims against the debtor in an amount aggregating five hundred dollars. A statement giving the nature and amount of each claim is but an amplification of this general fact. We hold, therefore, that the petition contained a sufficient showing of facts under the Bankruptcy Act, and the general orders of the supreme court to confer jurisdiction upon the district court to enter judgment in the bankruptcy proceedings.

Even if we are not to assume, from the similarity of names,

that the verification of the petition was made by members of the firms constituting the petitioning creditors, still any defect in such verification, by reason that it may not have been made by the proper parties, is a formal matter, and not jurisdictional. *In re Chequasset Lumber Co.,* (D. C.) 112 Fed. 56; *Green River Deposit Bank* v. *Craig,* (D. C.) 110 Fed. 137; *Leidigh* v. *Stengel,* 95 Fed. 637, 37 C. C. A. 210.

The third ground of objection to the jurisdiction of the district court in the bankruptcy proceedings would be well taken if the record disclosed that no service was had upon the bankrupt firm. A *judgment of the bankruptcy court is* open to collateral attack for want of jurisdiction over the person of the alleged bankrupt where the record discloses that no service was had upon him, and no appearance was made in the proceedings by him, from which it may appear that he voluntarily submitted himself to the jurisdiction of the court. *Chapman* v. *Brewer,* 114 U. S. 168, 5 Sup. Ct. 799, 29 L. Ed. 83; *New Lamp Chimney Co.* v. *Ansonia Brass Co.,* 91 U. S. 656, 23 L. Ed. 336. Mere irregularity of service or in the form of the notice given by a summons does not, however, render a judgment of a court of general jurisdiction void, so as to subject it to a collateral attack. Black on Judgments, sec. 263.

The subpœna issued in the bankruptcy proceedings was served on R. J. Donovan, a member of the firm of Benbrook & Donovan. It, in effect, notified him that a petition in bankruptcy had been filed by the petitioning creditors, and that it prayed for an adjudication of bankruptcy against the firm of Benbrook & Donovan. Whatever informality there may be in the form of the subpœna, it nevertheless contained sufficient to put the member of the firm served upon notice of the proceeding. The Bankruptcy Act, in section 5, subdivision "c" (Act July 1, 1898, c. 541, 30 Stats. 547 [U. S. Comp. Stats. 1901, p. 3424]), provides that "the court of bankruptcy which has jurisdiction of one of the partners may have jurisdiction of all the partners and of the administration of the partnership and individual property." The record shows that the district court acquired jurisdiction over the person of Donovan, and, under the foregoing provision of the Bankruptcy Act, it thereby acquired jurisdiction of the firm of Benbrook & Donovan and its property.

The second assignment of error, relating to the ruling of the trial court in refusing to strike certain portions of the amended complaint, is not argued by counsel for appellant in their brief, and is therefore not considered by us.

The third assignment is based upon the alleged insufficiency of the evidence to sustain the finding of the court that the appellants, in obtaining a transfer of the property sued for from the firm of Benbrook & Donovan, intended thereby to obtain a preference over other creditors of said firm, and that said firm of Benbrook & Donovan intended thereby that such preference should be made. It was the special province of the trial court to determine all questions of fact. A reading of the record shows that there was sufficient evidence to sustain the finding, and we therefore cannot disturb the judgment of the trial court upon that ground.

Finding no reversible error in the record, the judgment is therefore affirmed.

KENT, C. J., DOAN, J., and CAMPBELL, J., concur.