[Civil No. 978.   Filed March 22, 1907.]

[89 Pac. 512.]

MONTEZUMA CANAL COMPANY, a Corporation, Defendant and Appellant, v. SMITHVILLE CANAL COMPANY et al., Plaintiffs and Appellees.

1. APPEAL AND ERROR—RECORD—REVIEW—SCOPE.—An assignment of error that the court erred in rendering a certain decree, for the reason that the same is not within the issues made by the pleadings in the case, cannot be considered where the pleadings are not contained in the record.

2. SAME—SAME—SAME—SAME.—An assignment that the court erred in refusing to receive in evidence the judgment of the court in another case cannot be considered where there is no bill of exceptions and reporter's transcript has not been certified as such.

3. WATERS AND WATERCOURSES—IRRIGATION—DISTRIBUTION OF WATER—REV. STATS. ARIZ. 1901, PAR. 1431, CONSTRUED—JUDGMENT—WATER COMMISSIONER.—Where the court has determined the priority of a

large number of water users to the waters of a certain river for irrigation purposes, and decreed what amount the several parties were entitled to divert from said river, and appointed a water commissioner, with authority to enter upon all canals, dams, gates, etc., used in distributing the water to be diverted by such canals under the decree for the benefit of various parties, and to make such rules and regulations as he should deem proper and expedient to be observed by the parties to the suit for the distribution and use of said water, the power given to said commissioner was merely an administrative, and not judicial, discretion, and his appointment was a proper method to carry the decree into effect, not only under paragraph 1431, *supra,* but also under the exercise of the common-law and chancery jurisdiction of the court to provide all necessary means to carry out its judgment and decree.

APPEAL from a judgment of the District Court of the Second Judicial District, in and for the County of Graham. Fletcher M. Doan, Judge. Affirmed.

Charles L. Rawlins, and Thomas Armstrong, Jr., for Appellant.

Walter Bennett, and T. S. Bunch, for Appellees.

KENT, C. J.—This is a suit brought by the Smithville Canal Company and a large number of water users under such canal, and the Central Canal Company and the water users under such canal, against all the other canals in the Upper Gila Valley, taking their water from the Gila river, praying that it be adjudged and decreed that the individual plaintiffs, shareholders in said canal companies, be decreed to be the appropriators of a certain amount of the water in said river, and that the defendants be restrained from interfering with such right, and that the defendants be required to set forth what right and claims, if any, they have in and to the water, and that such rights be determined according to the priorities. All the defendant canal companies answered in the case, and the majority of them joined in their answer the individual water users under them. The San Jose Canal Company also filed a cross-bill against the plaintiffs, and its codefendants, asking that the rights of the water users under such canal to the water be determined and decreed to be prior to the rights of the other parties to the action. The Montezuma Canal Company, one of the defendants, answered for itself alone, but set up in its answer the

individual appropriations claimed by it for the water users under it, and filed an answer to the cross-bill of the San Jose Canal Company, which answer was further in the nature of a cross-bill against the San Jose Canal Company, and in which answer and cross-bill the Montezuma Canal Company made all of its water users plaintiffs, and all of the water users under the San Jose Canal defendants; and in addition to setting up the rights of the water users under the Montezuma Canal, as against the water users under the San Jose Canal, further pleaded a former judgment of the district court of Graham county, which it claimed to be in bar of this action as against the San Jose Canal Company and certain other defendants.   Upon the motion of the defendants, the court entered an order making all the individual shareholders in all the defendant canal companies parties to the action. The case was tried before the court, without a jury, and a large number of witnesses examined as to the dates of the construction of the canals referred to, and of the times of the appropriation of water by means of said canals by all of the water users thereunder, and the owners of land irrigable therefrom; the testimony consisting of many hundreds of pages of closely typewritten matter.   The court from the testimony made findings showing the amount of land in cultivation under each canal during each year since its inception, and then apportioned the entire supply in the river to the several canals in the order of the priority of the aggregate acreage irrigated under each canal during each year of its existence, the right to appropriate the water by such canals thus being made entirely dependent upon the priority of appropriation by its water users, and prepared an elaborate table of computation, based thereon, and appointed a commissioner to enforce and carry out the decree of the court. From this judgment the Montezuma Canal Company alone, of all the parties interested, has appealed.

There is no bill of exceptions or statement of facts, and, while the reporter's transcript of evidence has been sent up to this court, it has not been certified by the judge below. The appellant has furnished us an abstract of record, which contains the complaint, the answer of the San Jose Irrigating Company, the answer of Frank Dysart, the answer of the Montezuma Canal Company, the answer and cross-complaint of the San Jose Irrigating Company, the findings and conclusions of law, judgment, motion for a new trial, minute

entries, notice of appeal, and what were purported to be certain proceedings in certain former cases in the district court; but the pleadings of the other defendants are omitted, and the testimony is not included.

The first assignment of error is as follows: ''The court erred in rendering any decree herein affecting the rights of all water users in the Upper Gila Valley to the use of the water of the Upper Gila river, for the reason that the same is not within the issue made by the pleadings in this case.'' As the pleadings are not before us, we cannot consider this assignment.

The second assignment of error is as follows: ''The court erred in attempting by its decree to control the rights of all appropriators and water users on the Upper Gila river, and thereby affecting the rights of this appellant, for the reason that none of the appropriators or water users except as the owners of canals were parties to this action or subject to the jurisdiction of the court.'' Apart from the fact that the state of the record would seem to preclude our determining whether this assignment is well founded, it appears from the minute entries that an order was made by the court, on motion of the defendants, bringing in all individual appropriators and water users of the canal companies, and it does not appear from the record that any question was raised in court below by the appellant as to any noncompliance with this order.

The third assignment of error is as follows: ''The court erred in making any findings or decree granting priorities to the use of the public waters of the Gila river to canals or canal companies not actual beneficial appropriators and users of water, for the reason that such rights exist only in the owners and occupants of and to which the water is beneficially applied.'' In this contention we think the appellant is at fault in its construction of the findings and decree of the court. The decree does not, nor do the findings, give any priority to the use of the water to any canal or canal companies; nor does the court find or decree that any canal or canal company was an appropriator of water. The court decreed to each of the canal companies the right to divert certain amounts of water, respectively, but as carriers merely, and the right of each canal company so to divert water is made solely dependent upon the rights of water users and appropriators of water who take their water through the

heads of the several canals which serve them. While it is true that the court did not decree to each individual the amount of water appropriated by him according to the priority of such appropriation, it did ascertain the dates of the original application of water to the land under the several canals by such water users, and took such dates of appropriation as a basis for ascertaining the amount which each canal might properly divert at all stages of the river for the use of its individual water users. The court found the amount of land in cultivation under each canal during each year since its inception, and then apportioned the entire supply in the river to the several canals in the order of the priority of the aggregate acreage irrigated under each canal during each year of its existence. The decree did not establish rights in water to the canals or canal companies, or priorities as to such canals or canal companies, but in effect decreed to the actual water users under their respective canals the water to which they were entitled by virtue of their several appropriations.

The fourth assignment of error is insufficient under our rules, and does not seem to be argued in the brief of the appellant.

The fifth and sixth assignments of error are based upon the alleged error of the court below in refusing to receive in evidence a judgment, in a case numbered 505 in that court, between the Montezuma Canal Company and the San Jose Irrigating Company and certain individual defendants. It is stated in the appellant's abstract that this decree was offered in evidence, and that it was excluded by the court upon objection; but as there is no bill of exceptions, and as the reporter's transcript has not been certified as a bill of exceptions, the action of the trial court in that respect cannot be reviewed by us.

The other assignments of error are to the effect that the court erred in appointing a water commissioner to carry out the court's decree; the contention of the appellant being that the court has by such appointment of a water commissioner given judicial functions to such officer, and that a delegation of judicial functions to an executive officer of the court is beyond the power of the court. By its decree the court adjudged that the several parties to the suit were entitled to receive and divert from the river each, for his or their own lands, from time to time, an amount of water, and in the

order of priority as shown in the tabular statement thereto attached. This statement showed the amount of water which the water users under the canals were entitled to divert for their use at the different stages of water in the river, and showed the accretions to the surface flow at the head of the irrigating system, and gave the approximate amounts thereof at the heads of the thirty-one canals. The decree becomes operative as soon as the water in the river is at such a stage that it is insufficient to supply all the canals to their full capacity, and during such times it is obvious that such a decree cannot be self-executing, and that it is essential that an officer of the court be continuously upon the river to regulate the amount to be diverted under the decree by each canal, in accordance with the ever varying volume of water in the river, and according to the tabulated statement. To give effect to such decree, it is necessary that rules and regulations be formulated by such officer, and he must be empowered to make such rules and regulations as are reasonable and necessary to carry out the provisions of the decree. A commissioner so appointed by the court for such purpose is an executive officer of the court, and the power given by the court to such commissioner is an administrative discretion, and not a judicial discretion. It is a proper choice of a method to carry the decree into effect. Paragraph 1431 of the Revised Statutes of 1901, under the head of ''Judgments,'' provides that ''the court shall cause its judgment and decree to be carried into execution''; but, apart from such statutory authorization, in the exercise of its common-law and chancery jurisdiction, it is within the power of a court of general jurisdiction to provide all necessary means to carry out its judgment and decree. In this case the water commissioner appointed by the court was authorized, in the discharge of his duties, to enter upon all of the canals in question, their dams, gates, flumes and other structures and appliances, for the purpose of properly distributing and controlling the water to be diverted by such canals under the decree, and was authorized to make such rules and regulations as he should deem proper and expedient to be observed by the parties to the suit for the distribution and use of said water. He was confined in the exercise of his powers in directing the distribution thereof in accordance with the rights of the parties, as to the extent of the land irrigated and order of priority of time of appropriation, as in the decree

established. He was directed to report from time to time to the court as to his action, and, whenever necessary, to apply to the court for further directions as to his powers and duties to make the decree effective. A compensation for the commissioner was provided to be paid pro rata by the parties, based upon the acreage irrigated under each canal. It was further provided that at any time any of the parties to the suit might apply to the court for a proper modification of the order, or in the supervision and direction of the commissioner. The appointment of such a commissioner to execute the decree of the court was a proper and necessary exercise of the power resting in the court, and the rights of the parties to the suit to have any improper exercise of the administrative functions of such executive officer corrected by the court, upon application, were thus properly safeguarded.

We find no error in the action of the court below, as the record is presented to us, and the judgment of the district court is therefore affirmed.

SLOAN, CAMPBELL, and NAVE, JJ., concur.