[Civil No. 1107.   Filed April 2, 1910.]

[108 Pac. 225.]

## SOUTHERN PACIFIC COMPANY, a Corporation, Defendant and Appellant, v. T. K. RICHEY, Plaintiff and Appellee.

1. APPEAL AND ERROR—STATEMENT OF FACTS — EVIDENCE.—Where the transcript of the reporter's notes, made in accordance with Laws of 1907, chapter 74, section 15, does not include proceedings at trial relating to pleas in abatement, and the ruling excluding certain transcripts of judgments offered under such pleas does not otherwise appear in the record, error in excluding such transcripts cannot be considered on appeal.

2. SAME—REVIEW—PRESUMPTIONS — PLEADINGS.—Where the pleadings are sufficient to sustain the trial court's rulings upon pleas in abatement, and the evidence is not preserved in the record on appeal, it must be assumed that the rulings upon the pleas were correct.

3. SAME—SAME—BURDEN OF SHOWING ERROR.—One complaining on appeal of the rejection of evidence must show that he was injured thereby.

4. SAME—RECORD—EVIDENCE.—Exceptions to the exclusion of evidence will not be considered on appeal where the record does not contain the evidence excluded.

APPEAL from a judgment of the District Court of the First Judicial District, in and for the County of Pima.   John H. Campbell, Judge.   Affirmed.

Frank Cox and Francis M. Hartman, for Appellant.

Lovell & Richey, for Appellee.

PER CURIAM.—This is an appeal from a judgment against the defendant and appellant and in favor of the plaintiff and appellee for the sum of $336.47 and costs, upon an assigned account for wages.

The first and second assignments allege error in sustaining plaintiff's objections to certified and authenticated transcripts of certain judgments rendered by a justice court of Missouri against Thomas Kelly and the Southern Pacific Railway Company, and a similarly authenticated transcript of judgment rendered by the circuit court of Jackson county, Missouri, in the case of Southern Pacific Company, Plaintiff, v. Theodore Potts and R. L. Combs, Defendants, offered in evidence by the defendant in support of its plea in abatement.

There appears in the abstract of record furnished by appellant a statement of what purports to be the proceedings upon the hearing of the plea in abatement had upon December 28, 1907. An examination of the record, however, discloses that these proceedings were not made a part of the record upon appeal. Chapter 74 of the Laws of Arizona of 1907, being an act to revise and correct the procedure in the district and supreme courts, repealed chapter 17, part 2, title 17, of the Revised Statutes of 1901, providing for bills of exceptions. In place of the bill of exceptions, section 15 of this act provides that: "Either party to the suit may make the oral testimony and proceedings in a case, together with such rulings, orders or other action of the court in the case as do not appear otherwise of record, a part of the record in the case by filing therein either a statement of facts or the transcript of the court reporter's notes as provided hereinafter." The appellant has filed a transcript of the reporter's notes in accordance with the provisions of this act, which does not include the proceedings had upon the trial of the pleas in abatement. The rulings do not otherwise appear of record. There is, therefore, no basis afforded us for a review of these rulings.

The third assignment of error relates to error in overruling the defendant's pleas in abatement. The minute entries of the clerk disclose that upon the twenty-eighth day of December, 1907, the case came on regularly to be heard upon the plea in abatement, the parties being represented by counsel, whereupon the defendant in support of said plea called wit-

nesses who were duly sworn and cross-examined. Argument of the respective counsel being had and the matter being fully submitted to the court, the court being fully advised in the premises, overruled said plea. The pleadings are sufficient to sustain the ruling of the trial court upon the plea, and, the evidence not being preserved in the record, we must presume that the trial court's rulings upon the evidence were correct.

Assignments 11 and 12 allege error upon the trial on the merits in rejecting copies of the judgments hereinbefore referred to, offered together with an additional judgment in the case of C. M. Dart, assignee of J. H. Dunn, v. Thomas Kelly. The colloquy between counsel and the court as disclosed by the reporter's transcript follows:

"The Court: I understand that you desire to make that as one offer? All these depositions and these judgments as one offer? Do I understand you so?

"Counsel: Only in this respect; that I think those transcripts are competent evidence taken in connection with these depositions.

"The Court: You offer them one in connection with the other?

"Counsel: Yes.

"The Court: Do you offer copies of the judgments?

"Counsel: Yes, sir.

"Opposing Counsel: I object to that because they are not properly certified so as to be admitted in evidence.

"The Court: I'll sustain the objection to the introduction of the judgments.

"Counsel: I want an exception to that ruling."

Counsel did not seek to have the several judgments identified and made a part of the record. After a careful search, we have found but one of the three judgments so offered amongst the papers in the case. This court has repeatedly held that a party who complains of the rejection of evidence must show that he was injured thereby, and that; when a party fails to bring up the evidence upon which such ruling is based, this court will refuse to consider the exception. *Copper Bell Min. Co.* v. *Costello,* 11 Ariz. 334, 95 Pac. 94; *Montezuma Canal Co.* v. *Smithville Canal Co.,* 11 Ariz. 99, 89 Pac. 512; *Edwards* v. *Simms,* 8 Ariz. 261, 71 Pac. 902.

The various other errors assigned relating to the exclusion of evidence by the trial court are dependent upon the correctness of the ruling of the court in respect to the rejection of these judgments. The presumption obtaining that the ruling of the trial court rejecting such judgments was correct, there was no error.

The remaining assignments of error are not argued in appellant's brief, and will therefore not be considered. *Bail* v. *Hartman,* 9 Ariz. 321, 83 Pac. 358.

The judgment is affirmed.

CAMPBELL, J., not sitting.