[Civil No. 4755.   Filed November 5, 1945.]

[163 Pac. (2d) 278.]

V. C. MUSGRAVE, Appellant, v. CHRIS KARIS, dba Karis Produce Company, and A. G. EDWARDS, Appellees.

Mr. Charles H. Young, for Appellant.

Messrs. Struckmeyer & Struckmeyer, for Appellee.

MORGAN, J.—Appellant brought this action for damages to his automobile and for injuries resulting to him in a collision with a truck driven by appellee's employee. The case was tried before a jury which returned a verdict in favor of defendant. From the judgment entered on the verdict and the denial of motion for new trial, this appeal was taken.

Error assigned and argued is based upon the ruling of the court sustaining· objections to testimony and statements made and conversation with the truck driver approximately a half hour after the collision. Appellant contends that the statements so made and the conversation sought to be proven were part of the *res gestae* and were admissible. No offers of proof were made by appellant following the ruling of the court. The record does not disclose what was sought to be elicited.

The law seems to be well settled that the statements, declarations and admissions of an agent respecting the matter in controversy, and forming part of the *res gestae,* are binding upon the principal, providing they comply with the rules of evidence pertaining to declarations which are sought to be admitted as part of the *res gestae.* Such statements must be contemporaneous with the event in issue. Thus, statements made subsequent to the transaction in ques-

tion are ordinarily inadmissible against the principal since they form no part of the *res gestae* and are treated as mere hearsay. *Benton* v. *Regeser,* 20 Ariz. 273, 179 Pac. 966; 20 Am. Jur. 570, Sec. 676, Evidence. There are certain exceptions to this rule which, however, are not applicable to the situation before us. The tendency is to liberalize the rule.

We are committed to the doctrine that whether a statement or declaration falls within and forms a part of the *res gestae* is a matter that should be left to the discretion of the trial court. *Pickwick Stages Corp.* v. *Williams,* 36 Ariz. 520, 287 Pac. 440; *Benton* v. *Regeser, supra; Southwestern Freight Lines* v. *Floyd,* 58 Ariz. 249, 119 Pac. (2d) 120; *Maynard* v. *Hall,* 61 Ariz. 32, 143 Pac. (2d) 884, 150 A. L. R. 618. Where no abuse of discretion appears, the ruling of the trial court in this respect must stand. We cannot say that the trial court abused its discretion. The statements and conversation appear to have been made at least a half hour subsequent to the collision. They were not a part of the main event. Both apparently pertain to a past and completed occurrence and were not contemporaneous with the collision. There is nothing in the record to indicate the statements or conversation were of a spontaneous or instinctive character and logically related to and growing out of the main event.

Furthermore, to secure a review, an offer of proof is essential so the court may know whether the matters sought to be shown were relevant and material. For aught that appears from the record, the statements and conversation might have been favorable to the appellee rather than to the appellant. *W. O. W. Life Ins. Society* v. *Velasquez,* 60 Ariz. 457, 139 Pac. (2d) 766; *Southern Pacific Co.* v. *Richey,* 13 Ariz. 67, 108 Pac. 225; *Downing* v. *Skulzacek,* 61 Ariz. 322, 149

Pac. (2d) 680; *McVeigh* v. *McGurren*, 117 Fed. (2d) 672; Section 21–923, Arizona Code Annotated 1939. Judgment is affirmed.

STANFORD, C. J., and LaPRADE, J., concur.