[Civil No. 260.  Filed January 26, 1892.]

[29 Pac. 15.]

HENRY A. SMITH et al., Plaintiffs and Appellants, v.
B. BLACKMORE, Defendant and Appellee.

1. APPEAL AND ERROR—BILL OF EXCEPTIONS—WHAT CONSTITUTES.—A
   paper purporting to be an agreed statement of the case, if pre-
   sented to the trial judge, and by him settled and signed, as required
   by the statutes, and filed within the time allowed, can be con-
   sidered a bill of exceptions, under authority of *Putnam* v. *Putnam*,
   *ante*, p. 182, 24 Pac. 320.

2. SAME—AGREED STATEMENT—SIGNING—REV. STATS. ARIZ. 1887, PAR.
   874, CITED.—The agreed statement of the case, permitted by stat-

ute, *supra,* must be signed and allowed by the trial judge, or it
will be stricken from the record.

3. SAME—RECORD—ABSENCE OF BILL OF EXCEPTIONS AND STATEMENT
OF FACTS—SCOPE OF REVIEW—JUDGMENT-ROLL.—Where there is
no bill of exceptions, statement of facts or motion for new trial
in the record, there is nothing to review except the judgment-roll,
and, when there is no error therein, the judgment will be affirmed.

APPEAL from a judgment of the District Court of the
First Judicial District in and for the County of Cochise.
William H. Barnes, Judge. Affirmed.

The facts are stated in the opinion.

Ben Goodrich, for Appellant.

George G. Berry, for Appellee.

SLOAN, J.—The record in this case is defective. No bill
of exceptions, statement of facts, or motion for new trial ap-
pears therein. There was signed by the attorneys of record,
and filed among the papers copied into the transcript, a paper
purporting to be an agreed statement of the case and  facts
proven at the trial, permitted under paragraph 874 of the
Revised Statutes. This paper was probably meant to take the
place of both a bill of exceptions and a statement of facts. It
embodied some of the characteristics of a bill of exceptions;
and, under the authority of *Putnam* v. *Putnam, ante,* p. 182,
24 Pac. Rep. 320, had it been presented to the trial judge
and by him settled and signed, as required by the statutes, as
well as filed within the time allowed, it could have been con-
sidered as such. It fell short of a proper bill of exceptions in
each of these particulars. Nor can it be considered as a
proper agreed statement of the case permitted under said
paragraph 874, inasmuch as it was not allowed nor  signed by
the trial judge, as provided therein. No agreement of counsel
can take away the right, nor make it any less the duty, of
the judge, under the statute, to approve and sign the state-
ment before it becomes a part of the  record. It is entitled to
become a part of the record only by virtue of the allowance
and signature of the judge, and, if these are wanting in any
agreed statement attempted to be made and filed under said
paragraph, it must be rejected as improperly in the record.

There is nothing, therefore, in the record to review except the judgment-roll, and, as no error appears therein, the judgment must be affirmed; and it is so ordered.

Gooding, C. J., and Kibbey, J., concur.