[Civil No. 357.   Filed April 15, 1893.]

[33 Pac. 823.]

THE CITY OF TOMBSTONE OF THE TERRITORY OF ARIZONA, Defendant and Appellant, v. JAMES REILLY, Plaintiff and Appellee.

1. APPEAL AND ERROR—RECORD—STATEMENT OF FACTS—STIPULATION— REV. STATS. ARIZ. 1887, PAR. 843, CONSTRUED.—Paragraph 843, *supra*, requires that a statement of facts on appeal shall be submitted to the trial judge for his approval and signature, even when agreed to by the parties or their counsel. A stipulation by the parties that such a statement of facts was submitted to the judge, found correct, and signed by him, cannot take away the right, nor make it any the less the duty of the judge, under the statute, to approve and sign the statement, and wanting such approval and signature, it cannot be considered a part of the record.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Cochise. Richard E. Sloan, Judge. Affirmed.

The facts are stated in the opinion.

Allen R. English, for Appellant.

James Reilly, *in pro per.*

WELLS, J.—As appears from the record the bill of exceptions was not allowed by the judge of the court, as required by paragraph 828 of the Revised Statutes. Nor is there any statement of facts approved and signed by the judge. There is a stipulation by the parties "that the statement of facts herein shown to have been agreed to by respective counsel was thereafter settled, found correct, and signed as such by the judge, and by him approved, as prescribed by paragraph 843." Paragraph 843 provides that if the parties or their attorneys agree upon a statement of facts they shall sign the same, and it shall be submitted to the judge, who shall, if he finds it correct, approve and sign it. True, the parties or their attorneys may agree what the facts are as proved upon the trial; but when that is done it is still essential that the statement should be submitted to the judge for his examination, approval, and signature. If the agreement or stipulation of the parties or their counsel is all that is required, why impose upon the judge the task of ascertaining its correctness before approving and signing it? The trial court is so far interested in the matter that it should see the record presents to the supreme court the case as tried in the court below. The stipulation may, through inadvertence or otherwise, present a case upon an entirely different theory from the one on which it was tried, or may present an entirely different record from the one made below, and it is due to the court and to the parties to the action that the statement of facts be a correct one, and that he have an opportunity of examining it to ascertain if it is correct. The statutes require that the statement of facts shall be submitted to him, even when agreed to by the parties or their counsel. The purported statement of facts in this case was not submitted to the judge, and he had no opportunity to examine it to ascertain its correctness. The parties stipulating that it was found correct and signed does not make it so, when in fact the statement was neither submitted to the judge nor approved or signed by him. No agreement of counsel can take away the

right, nor make it any less the duty, of the judge, under the statute, to approve and sign the statement, before it becomes a part of this record. It is entitled to become a part of the record only by virtue of the allowance and signature of the judge, and if these are wanting in any agreed statement attempted to be made and filed under the statute it must be rejected as improperly in the record. *Smith* v. *Blackmore,* 3 Ariz. 348, 29 Pac. 15. The purported statement of facts is therefore not considered as a part of the record. There appearing no error in the judgment-roll, the judgment of the lower court is affirmed.

Gooding, C. J., and Kibbey, J., concur.