[Civil No. 851.　Filed May 7, 1904.]

[76 Pac. 821.]

## PEDRO CHAROULEAU and ANGELINA CHAROULEAU, Plaintiffs and Appellants, v. SHIELDS & PRICE, Defendants and Appellees.

1. Appeal and Error — Assignments of Error — Sufficiency — Rev. Stats. Ariz. 1901, par. 1586, and Supreme Court Rule 7, Construed.—Under paragraph 1586, *supra,* providing that the brief of appellant "must plainly state the errors complained of by him," and rule 7, *supra,* providing that assignments of errors must distinctly specify each ground of error relied on, general and indefinite assignments of error are insufficient, and will not be considered.

2. Same—Evidence—Conflict—Finding—Will not Be Disturbed.— Where findings of the trial court are based upon substantially conflicting evidence, such findings will not be disturbed on appeal.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Pinal. Fletcher M. Doan, Judge.　Affirmed.

The facts are stated in the opinion.

W. H. Griffin, and Owen T. Rouse, for Appellants.

J. E. O'Connor, for Appellees.

DAVIS, J.—On the twelfth day of July, 1902, Pedro Charouleau and Angelina Charouleau brought an action in the district court of Pinal County against Frank Shields and W. Y. Price, copartners under the firm name of Shields & Price, to recover an alleged indebtedness of four hundred and forty dollars, claimed to be due from the said firm upon a contract for the rent of the plaintiffs' farm from June 27, 1901, to June 27, 1902.　The defendants answered, denying such contract and indebtedness, and the trial of the case resulted in a verdict and judgment for the defendants.　The plaintiffs filed a motion for a new trial, which was overruled, and the cause is presented to us for review on appeal.

There is objection made by counsel for appellees to the consideration of the assignment of errors contained in the brief of appellants on the ground that the same does not conform to the requirements of the statute and the rules of the court. The objection is well founded, as the errors assigned are all general and indefinite. The statute requires that the brief of the appellant "must plainly state the errors complained of by him, and refer to the page or pages of the record wherein the error is alleged by him to exist. It shall also contain a brief statement of so much of the evidence in the case as is relevant to the error alleged, and a citation of the authorities relied on to support the allegation of error." Rev. Stats. Ariz. 1901, par. 1586. Rule 7 of this court, which relates to assignments of error, contains these provisions:—

"I. All assignments of errors must distinctly specify each ground of error relied upon, and the particular ruling complained of. If the particular ruling complained of has been embodied in a motion for a new trial with other rulings, or in any motion, or in a bill of exceptions, or in a statement of facts, or otherwise in the record, it must nevertheless be referred to in the assignment of errors, or it will be deemed to be waived.

"II. If the assignment of error be, that the court overruled a motion for a new trial, and the motion is based upon more than one ground, the same will not be considered as distinct and specific by this court, unless each ground is separately and distinctly stated in the assignment of errors.

"III. An objection to the ruling or action of the court below, will be deemed waived in this court, unless it has been assigned as error, in the manner above provided.

"IV. If the assignment of error be to the giving of instructions to the jury by the lower court, the appellant must state wherein the instruction complained of is erroneous in its statement of the law applicable to the case or to any particular fact or facts thereof.

"V. If the refusal to give an instruction asked for by the appellant in the court below, be assigned as error, the assignment must state the applicability of such instruction to the fact or facts of the case." Rules of supreme court, 8 Ariz. xi, 71 Pac. viii.

The object of these provisions, as we have had occasion to say before, is the designation of specified errors, in order that the court and opposite counsel may be clearly informed of whatever particular ruling or action below is relied upon for the reversal or modification of the judgment. A proper observance of the statute and rules relating to assignments of error is so essential to the preservation and protection of the rights of litigants before this court that their plain requirements are again brought to the notice of the bar.

The record before us discloses a state of facts substantially as follows: That on June 27, 1899, the Charouleaus had executed in writing a lease of their farm to one Ventura Larona for the term of three years from said date, at a rental of four hundred and fifty dollars per annum. They also made a loan of money to Larona for the construction of a ditch upon the land, which he agreed to repay them with interest. In the second year of the lease term W. Y. Price, one of the appellees, made advances of money to Larona to carry him through the cropping season, and took a mortgage on his growing crops to secure the payment thereof. Later in the same year the Charouleaus commenced a suit in the district court to recover from Larona the amount then owing from him as rent and borrowed money, and caused an attachment to be levied upon a quantity of grain and hay. Price was made a defendant to the suit as one claiming an interest in the property. He subsequently satisfied the Charouleau claim against Larona by the payment of the sum of $756.49 in full thereof, and the suit was dismissed without going to judgment. It was in connection with that settlement that the appellants, on the trial of this case, endeavored to prove a transfer of the lease from Larona to the appellees for the last year of the term, and an agreement on the part of the latter to pay the appellants the rent for that year. There was no attempt made to prove any written assignment of the lease by Larona, and it was conceded by the appellants that the agreement fixing the liability of the appellees, for which they were contending, rested solely in parol. The evidence presented showed that Larona had continued in the occupancy of the premises during the entire third year. If it can be justly claimed that there was evidence tending to

establish a transfer of the lease, or any agreement which would bind the appellees to pay rent to the appellants for the year in question, it is sufficient to say that there was a substantial conflict in the evidence upon each of these points, which prevents this court from now disturbing the finding thereon.

The face of the record discloses to us no reversible error, and the judgment appealed from will be affirmed.

KENT, C. J., and SLOAN, J., concur.