[Civil No. 966.    Filed March 22, 1907.]

[90 Pac. 332.]

LIBERTY MINING AND SMELTING COMPANY, Defendant and Appellant, v. ROBERT GEDDES, Plaintiff and Appellee.

1. APPEAL AND ERROR—ASSIGNMENTS OF ERROR—SUFFICIENCY.—Assignments of error as follows: "That the court erred in admitting and rejecting evidence"; "In charging and directing the jury to return a verdict"; "That the evidence does not sustain the judgment on the verdict and is contrary to the law in the case"; and "That the court erred in denying and overruling motion for new trial and to set aside judgment,"—are insufficient for the purposes of a review.

2. SAME—STATEMENT OF FACTS—SUFFICIENCY.—A "statement of facts" which appears to have been signed by counsel and printed in the abstract, not having been signed by the judge, cannot be considered as a statement of the facts.

3. SAME—SAME—SAME—SUPREME COURT RULE NO. 1, SUBDIV. 6.—Supreme court rule No. 1 provides that the abstracts of record as filed will be treated by the court as containing such portions of the record as the courts deem sufficient upon which to try the assignments of error; and the court will not make an excursion into the original transcripts of recorder's notes to ascertain whether there was sufficient conflict in the evidence to render erroneous the court's direction of the verdict.

APPEAL from a judgment of the District Court of the First Judicial District, in and for the County of Pima.   John H. Campbell, Judge.   Affirmed.

The necessary facts are stated in the opinion.

S. W. Purcell, for Appellant.

Eugene S. Ives, for Appellee.

NAVE, J.—This action was brought by Robert Geddes to recover salary alleged to be due him from the defendant for acting as superintendent of its mines.   At the conclusion of the testimony in the case, the trial court directed a verdict for the plaintiff, and upon such verdict entered judgment against the defendant.   From this judgment the defendant has appealed.

There are four assignments of error, as follows: "(1) That the court erred in admitting and rejecting evidence; (2) that the court erred in charging, directing and instructing the jury to return a verdict; (3) that the evidence does not sustain the judgment on the verdict and is contrary to the law in the case; (4) that the court erred in denying and overruling motion for new trial and to set aside judgment."

These assignments of error are insufficient for the purpose of a review of this case.   *Prescott Nat. Bank* v. *Head,* 11 Ariz. 213; 90 Pac. 328; *Charouleau* v. *Shields,* 9 Ariz. 73, 76 Pac. 821; *Ward* v. *Sherman,* 7 Ariz. 277, 64 Pac. 434.   If the attempt made in the brief to elaborate the first assignment be considered as sufficiently specific to obtain consideration, a further obstacle rests upon the fact that the evidence in the case is not before us.   A "statement of facts" which appears to have been signed by counsel is printed in the abstract.   This statement, not having been signed by the judge, cannot be considered as a statement of the facts in the case.   *Meyers* v. *Farmers' etc. Bank,* 7 Ariz. 67, 60 Pac. 880; *City of Tombstone* v. *Reilly,* 4 Ariz. 102, 33 Pac. 823; *Tietjen* v. *Snead,* 3 Ariz. 196, 24 Pac. 324; *Smith* v. *Blackmore,* 3 Ariz. 349, 29 Pac. 15.   If this "statement of facts" be taken as a summary of portions of the evidence, it does not appear therefrom that any of the rulings of the court were erroneous.   We will not make an excursion into the original transcript of the reporter's notes.   "The ab-

stracts of record, as filed, will be treated by the court as containing such portions of the record as the parties deem sufficient upon which to try the assignments of error." Subdivision 6 of rule 1 of this court (8 Ariz. v, 71 Pac. vi).

Not having the entire evidence before us, we cannot ascertain whether there was sufficient conflict therein to render erroneous the court's direction of the verdict.

The judgment is affirmed.

KENT, C. J., and SLOAN, and DOAN, JJ., concur.