[Civil No. 993.   Filed March 22, 1907.]

[89 Pac. 412.]

R. H. DANIEL and H. E. SMITH, Plaintiffs and Appellants,
   v. JAMES GALLAGHER et al., Defendants and Ap-
   pellees.

1. APPEAL AND ERROR—ASSIGNMENTS OF ERROR—SUFFICIENCY—REV.
   STATS. ARIZ. 1901, PAR. 1586, CONSTRUED.—Under statute, *supra,*
   providing that the brief must plainly state the errors complained
   of, assignments of error that the court erred in its findings of fact
   and conclusions of law, that the findings of fact and conclusions
   of law are not supported by the evidence, that the court erred in
   rendering judgment for the appellees and against the appellants,
   that the evidence is insufficient to support the judgment of the
   court, and that the court erred in overruling appellants' motion
   for a new trial, are not sufficiently specific for review.

2. SAME—ABSTRACT OF RECORD—SUFFICIENCY—SUPREME COURT RULE
   1, CONSTRUED.—Under rule, *supra,* providing, "In every civil case
   . . . the appellant . . . must file . . . with the transcript of the
   record at least six copies of an abstract of said record, which shall
   contain . . . (g) Such other portions of the record as may be
   necessary to inform the court of the errors relied upon without an
   investigation of the record itself," an abstract which does not con-
   tain a deed, the admission of which in evidence is assigned as error,
   is insufficient to enable the court to determine whether such admis-
   sion was erroneous or not.

APPEAL from a judgment of the District Court of the
Fifth Judicial District, in and for the County of Gila.
Frederick S. Nave, Judge.   Affirmed.

E. J. Edwards, for Appellants.

Geo. R. Hill, for Appellees.

PER CURIAM.—Appellants brought an action in eject-
ment.  From a judgment in favor of appellees they appeal.
Errors are assigned as follows: (1) The court erred in its
findings of fact and conclusions of law.  (2) The findings
of fact and conclusions of law are not supported by the evi-
dence.  (3) The court erred in rendering judgment for the
appellees and against the appellants.  (4) The evidence is

insufficient to support the judgment of the court.  (5) The court erred in admitting in evidence an instrument named by appellees' counsel as a deed, and marked as "Defendant's Exhibit 1."  (6) The court erred in overruling appellants' motion for a new trial.  Paragraph 1586, Revised Statutes of 1901, provides as to the brief and argument of appellants or plaintiffs in error: "This brief and argument must plainly state the errors complained of by him and refer to the page or pages of the record wherein the error is alleged by him to exist.  It shall also contain a brief statement of so much of the evidence in the case as is relevant to the error alleged and a citation of the authorities relied on to support the allegation of error."

The first, second, third, fourth and sixth assignments of error are not sufficiently specific to enable us to review them. They are of the same character as those condemned by us in *Charouleau* v. *Shields & Price*, 9 Ariz. 73, 76 Pac. 821. Turning to the abstract of record to examine the merits of the fifth assignment, we find a statement of facts that recites that a deed was offered in evidence by the defendants which was admitted over the objection of plaintiffs and was ordered marked "Defendants' Exhibit 1."  The deed is not set forth in the brief or in the abstract, and we cannot ascertain therefrom whether the objection to its introduction in evidence was well taken or not.  The rules of this court (rule 1) provide: "In every civil case brought to this court on appeal or writ of error the appellant or plaintiff in error must file in this court with the transcript of the record at least six copies of an abstract of said record, which shall contain: (a) The pleadings, original or amended, upon which the issues were tried.  (b) The findings of fact and conclusions of law, or the verdict.  (c) The judgment.  (d) The motion for a new trial.  (e) The minute entries of the trial court.  (f) The bill of exceptions and statement of facts.  (g) Such other portions of the record as may be necessary to inform the court of the errors relied upon without an investigation of the record itself. . . . The abstracts of record as filed will be treated by the court as containing such portions of the record as the parties deem sufficient upon which to try the assignments of error.  Abstracts of record not conforming to this rule may be stricken from the files on motion of the party affected by such noncompliance, or by the court of its own motion."  See 8 Ariz. vi, 71 Pac. vi.

It is no hardship to litigants to comply with these rules, and it is highly important to the court that they should.

No error appearing in the record presented, the judgment of the lower court is affirmed.

NAVE, J., not sitting.