[Criminal No. 248.   Filed March 27, 1908.]

[95 Pac. 101.]

RAFAEL ROMERO and NICHOLAS CHAVEZ, Defendants and Appellants, v. TERRITORY OF ARIZONA, Respondent.

1. REV. STATS. 1887, PAR. 874, REV. STATS. 1901, PART 2, TITLE 17, CHAPS. 17 AND 19, AND LAWS 1907, CHAP. 74, SEC. 15, CONSTRUED —CODE CRIM. PROCEDURE 1901, SEC. 983, CONSTRUED—CRIMINAL LAW—APPEAL—BILL OF EXCEPTIONS—TRANSCRIPT.—Under Revised Statutes, *supra,* requiring certification of a bill of exceptions by the trial judge, and declaring that the statute relating to exceptions, the record, and the manner of making oral proof a part of the record in civil cases shall be applicable to all criminal cases, the reporter's transcript cannot serve as a bill of exceptions in a criminal case unless certified by the trial judge.

2. SAME—REVIEW OF EVIDENCE.—In the absence of a bill of exceptions, rulings with respect to the introduction or exclusion of evidence in a criminal case cannot be reviewed on appeal.

APPEAL from a judgment of the District Court of the First Judicial District, in and for the County of Yuma. John H. Campbell, Judge.   Affirmed.

Charles L. Brown, for Appellants.

E. S. Clark, Attorney General, for Respondent.

KENT, C. J.—The appellants, having been indicted and convicted in the court below for the commission of a felony, have appealed.

The only question discussed in the brief of the appellants is the alleged error of the trial court in the admission of testimony.   There is no bill of exceptions nor statement of

facts; and, while the reporter's transcript of evidence has been sent up to this court, it has not been certified by the judge below. Section 983 of the Code of Criminal Procedure of 1901 provides as follows: "The statute relating to exceptions, what constitutes the record, and the manner of making oral proof a part of the record in civil cases is hereby made applicable to all criminal cases." In order that the statement of facts shall operate as a bill of exceptions, it is necessary under our statute relating to exceptions, what constitutes the record, and the manner of making oral proof a part of the record in civil cases, that the same shall be certified by the trial judge. These provisions of the statutes have existed for many years (paragraph 874, Revised Statutes of 1887; chapters 17 and 19, page 2, title 17, Revised Statutes of 1901; section 15, chapter 74, Laws of 1907), and we have repeatedly held that under our statutes the reporter's transcript cannot serve as a bill of exceptions, and that the rulings of the court with respect to the introduction or exclusion of evidence cannot be reviewed on appeal to this court in the absence of a bill of exceptions, unless the reporter's transcript has been certified by the trial judge; in other words, that the reporter's transcript cannot serve as a bill of exceptions unless it is so certified. *Tietjen* v. *Snead,* 3 Ariz. 196, 24 Pac. 324; *Smith* v. *Blackmore,* 3 Ariz. 348, 29 Pac. 15; *City of Tombstone* v. *Reilly,* 4 Ariz. 102, 33 Pac. 823; *Myers* v. *Farmers' & Merchants' Bank,* 7 Ariz. 67, 60 Pac. 880; *Leatherwood* v. *Richardson,* 11 Ariz. 163, 278, 89 Pac. 503; *Montezuma Canal Co.* v. *Smithville Canal Co.,* 11 Ariz. 9, 89 Pac. 512; *Liberty Mining & Smelting Co.* v. *Geddes,* 11 Ariz. 54, 90 Pac. 332. These provisions of our statutes relating to appeals are by section 983 of the Code of Criminal Procedure, *supra,* made applicable to appeals in criminal cases, and are as binding upon appellants and upon the court in criminal cases as in civil cases. Upon the state of the record, therefore, in this case, we cannot consider the question argued by counsel for appellants in his brief.

No error appearing upon the record of the case as it is before us, the judgment of the district court is affirmed.

SLOAN, DOAN, and NAVE, JJ., concur.