[Criminal No. 259.   Filed March 27, 1908.]

[95 Pac. 102.]

YGNACIO L. MOLINA, Defendant and Appellant, v. TERRITORY OF ARIZONA, Respondent.

1. CRIMINAL LAW—APPEAL AND ERROR—BILL OF EXCEPTIONS—CERTIFICATION—REV. STATS. ARIZ. 1901, PENAL CODE, SEC. 983.—The statutes concerning the making of oral matters part of the record in civil cases are controlling alike in criminal cases under section 983, *supra,* and the certificate of the trial judge to the reporter's transcript of the proceedings or to a statement of facts covering them, a prerequisite to the examination thereof, under assignments of error raising questions based upon the testimony, the court's rulings during the trial, and the instructions to the jury.

2. HOMICIDE—INDICTMENT—SUFFICIENCY.—An indictment which does not allege the "means or instrument by which the mortal wound was inflicted," or the nature of the wound inflicted, is not fatally defective, since such allegations are not necessary under our code.

APPEAL from a judgment of the District Court of the First Judicial District, in and for the County of Yuma. John H. Campbell, Judge. Affirmed.

The facts are stated in the opinion.

A. Buck, and Thomas D. Molloy, for Appellant.

E. S. Clark, Attorney General, and P. Tillinghast, for Respondent.

NAVE, J.—Molina was indicted of murder, and under the indictment was convicted of manslaughter. From the judgment of conviction he has appealed.

His assignments of error raise questions based upon the testimony, the court's rulings during the trial, and the instructions to the jury. The statutes concerning the making of these oral matters part of the record in civil cases are controlling alike in criminal cases. Pen. Code 1901, sec. 983. The certificate of the trial judge to the reporter's transcript of these proceedings or to a statement of facts covering them is a prerequisite to the examination thereof. Laws 1907, p. 129, c. 74, sec. 15, subd. 5; *Romero* v. *Territory,* 12 Ariz. 10, 95 Pac. 101; *Liberty M. & S. Co.* v. *Geddes,* 11 Ariz. 54, 90 Pac. 332; *Montezuma Canal Co.* v. *Smithville Canal Co.,* 11 Ariz. 99, 89 Pac. 512; *Leatherwood* v. *Richardson,* 11 Ariz. 163, 278, 89 Pac. 503; *Myers* v. *Bank,* 7 Ariz. 67, 60 Pac. 880; *City of Tombstone* v. *Reilly,* 4 Ariz. 102, 33 Pac. 823; *Smith* v. *Blackmore,* 3 Ariz. 349, 29 Pac. 15; *Tietjen* v. *Snead,* 3 Ariz. 196, 24 Pac. 324. The record is not so authenticated in this case, and may not be considered.

Turning to an examination of those portions of the record which are properly before us to ascertain whether there are fundamental errors, we find only one matter meriting consideration. The charging part of the indictment is "that the said Ygnacio L. Molina, on or about the twenty-ninth day of April, A. D. 1906, and before the finding of this indictment, at the county of Yuma, territory of Arizona, unlawfully, willfully, feloniously, deliberately, premeditatedly, and of his malice aforethought did kill and murder Jim, a Cocopah Indian, a human being, whose true name is unknown to the grand jury, by then and there willfully, unlawfully, feloniously, deliberately, premeditatedly, and of his malice aforethought inflicting upon the body of him, the said Jim, a Cocopah Indian, a mortal wound, from the effects of which mortal wound he, the said Jim, a Cocopah Indian, did then and there die." The defendant demurred to this indictment upon the ground, among others, "that it does not allege the means or instrument by which the mortal wound was inflicted or the nature of the wound inflicted." It is well known that our Penal Code was adopted almost in its entirety from the Penal Code of California. The statutes defining murder, prescribing the form of indict-

ments, and defining what shall constitute sufficient indictments have their origin in the California code. At a period antedating our adoption of these statutes the supreme court of California determined that under these provisions it is not necessary in an indictment for murder to state the instrument with which the killing was accomplished (though preferable to do so), or to define the nature of the wounds inflicted. The early decisions have been adhered to consistently by that court until the present time. The reasons for so determining are sufficiently set forth in the opinions. We believe these decisions to be well founded. The indictment is sufficient. *People* v. *Steventon,* 9 Cal. 273; *People* v. *King,* 27 Cal. 507, 87 Am. Dec. 95; *People* v. *Alviso,* 55 Cal. 230; *People* v. *Hong Ah Duck,* 61 Cal. 387; *People* v. *Davis,* 73 Cal. 355, 15 Pac. 8; *People* v. *Hyndman,* 99 Cal. 1, 33 Pac. 782; *People* v. *Suesser,* 142 Cal. 356, 75 Pac. 1093.

There appearing no fundamental error in the record, the judgment is affirmed.

KENT, C. J., and SLOAN and DOAN, JJ., concur.