[Civil No. 1171.   Filed March 25, 1911.]

[114 Pac. 560.]

ETTA L. SANFORD, AMOS McKEE, FRED McKEE, Her
Husband, HARRY B. RIGGS, DON A. SANFORD, Jr.,
MANUEL ESTRADA and ESTANISLADO BRAVO,
Defendants and Appellants, v. SANTIAGO AINSA,
Administrator With Will Annexed of the Estate of
FRANK ELY, Deceased, Plaintiff and Appellee.

1. EJECTMENT—PLEADING AND EVIDENCE—COMPLAINT—ESTOPPEL BY
RECORD.—In ejectment defendants' estoppel of record is proper mat-
ter to be pleaded in the complaint.

2. COURTS—JURISDICTION OF SUBJECT MATTER—STATUTES.—Plaintiff in
ejectment for land in Santa Cruz county pleaded as an estoppel of
record against the defendant a judgment of the district court of
Pima county rendered in 1907, in an action commenced in 1887, and
the pleading did not show that any other court had acquired juris-
diction of the subject matter.   Session Laws of 1899, No. 44, sec-
tion 10, created Santa Cruz county out of Pima county, and pro-
vided that actions pending in the district court of Pima county,
where the property in controversy in such actions was situated in
the new county of Santa Cruz, should be transferred to the courts
of Santa Cruz.   *Held*, that this section was directory, and that the
district court of Pima county had authority to hear and determine
the cause and enter the judgment pleaded..

3. APPEAL AND ERROR—ASSIGNMENTS OF ERROR—FORM AND REQUISITES
IN GENERAL.—Assignments of error that the court erred in overrul-
ing defendants' motion for judgment in their favor at the conclusion
of all testimony offered by plaintiff; that the court erred in over-
ruling defendants' motion for new trial and in arrest of judgment,
enumerated and defined in folios 87–91, inclusive, of the abstract of
record in this case; and that the court erred in permitting incompe-
tent and irrelevant evidence, documentary and oral, offered by the
plaintiff—are too general to present any question for review.

4. SAME—RECORD—ABSTRACT OF RECORD—EFFECT OF FAILURE TO MAKE
BRIEF OF EVIDENCE—RULES OF COURT.—Under supreme court rule 1,
subdivision 6 (8 Ariz. v, 71 Pac. vi), providing that the abstract
of record as filed will be treated by the court as containing such
portions of the record as the parties deem sufficient upon which
to try their assignments of error, the court will not examine the
original transcript of the reporter's notes for the purpose of ascer-
taining whether there is error.

5. SAME—ASSIGNMENT OF ERROR—TIME FOR FILING—SUPPLEMENTARY
   PLEA.—The practice of filing supplementary briefs and therein as-
   signing additional error is not contemplated by the statute nor by
   the rules of court, and where a supplementary brief assigning addi-
   tional grounds of error is filed five days after the opening of the
   term at which the case is argued, the court will not consider it.

APPEAL from a judgment of the District Court of the
Second Judicial District, in and for Santa Cruz County.
Fletcher M. Doan, Judge. Affirmed.

The facts are stated in the opinion.

Owen T. Rouse, for Appellants.

Selim M. Franklin, for Appellee.

LEWIS, J.—The action here involved is one in ejectment
brought by Santiago Ainsa, administrator with the will an-
nexed of the estate of Frank Ely, deceased, the appellee,
against the appellants, to recover possession of certain lands
in Santa Cruz county known as the San Jose de Sonoita grant,
and for the rents, issues and profits thereof. Judgment was
entered in favor of the appellee and against the appellants,
except Don A. Sanford, Jr., as to whom the action was dis-
missed, for possession, and as against the appellants Etta L.
Sanford and Emil S. McKee for $1,600 damages, and costs.
From the order denying a motion for new trial, this appeal is
prosecuted.

The appellants assign as error the overruling of their mo-
tion to strike from the complaint paragraph 3 thereof. The
allegations of this paragraph are, in substance, that on the
twenty-fourth day of June, 1887, one Frank Ely, appellee's
testator, filed his complaint in the district court of the first
judicial district of the territory of Arizona, in and for Pima
county, against one Don Sanford and others, praying that
his title to the lands involved in the present action be quieted;
that on said day he duly filed notice of *lis pendens;* that the
said Sanford appeared and answered; that upon the twenty-
eighth day of September, 1907, judgment was rendered in
favor of the appellee, theretofore substituted as plaintiff,
quieting said title in said appellee as against said Sanford;
that the defendants and each of them are asserting and claim-

ing rights to the said premises and to the possession thereof under the said Sanford. This is the pleading of an estoppel by record. It is proper matter to be pleaded.

But the appellants urge that the motion should have been granted for the reason that the complaint on its face disclosed that the district court of Pima county had no jurisdiction to render the judgment pleaded, for the reason that section 10 of Act No. 44 of the Session Laws of the 20th Legislative Assembly, 1899, creating out of the county of Pima the county of Santa Cruz, and providing for a transfer of actions to the district court in and for the county of Santa Cruz, devested the said court of Pima county of jurisdiction.

Section 10 provides: ''All actions of whatever kind or nature, now pending in the district . . . court of Pima county, where the subject matter or property in controversy in said action is situated within the limits of the new county of Santa Cruz, shall be transferred to the proper courts of said county of Santa Cruz for trial, . . . and it is hereby made the duty of the respective clerks . . . of the county of Pima, . . . to transmit to the clerks of the corresponding courts in said county of Santa Cruz, all papers and files in said action, . . . where the title to real estate is not involved, and in all actions pending in said courts in said county of Pima, wherein one of the parties is a resident of said county of Santa Cruz, both parties consenting thereto. . . . It . . . is hereby made the duty of the clerks of the said respective courts . . . to transmit to the clerk of the proper court of Santa Cruz county, all papers and pleadings in said action: . . . Provided, however, that in all civil actions it shall not be the duty of such clerk to make such copy or transmit such papers until his fees and compensation allowed therefor by this act, shall have been paid or tendered him, nor until all costs due such clerk and the sheriff of said county of Pima, up to the time of the transfer, have been duly paid by the parties thereto or by one of them. In all actions transferred under the provisions of this act, upon the receipt by the clerk of the proper court of Santa Cruz county of such papers and pleadings and such certified copies of the record in such action or actions so transferred, the court to which the same is transferred shall acquire and become vested with the same jurisdiction as if the

said action had been originally commenced in the said court in and for the county of Santa Cruz.''

This section is directory. The district court of Pima county retains jurisdiction of actions commenced therein until the provisions of this section have been fully complied with. Then, and then only, does jurisdiction vest in the courts of Santa Cruz county and cease to exist in the courts of Pima county. There are no facts alleged in paragraph 3 which disclose that the district court of the county of Santa Cruz ever acquired jurisdiction; hence the district court of Pima county had authority to hear and determine the cause and enter the judgment pleaded. The motion of the appellants to strike paragraph 3 of the complaint was properly overruled.

The second assignment of error is that the court erred in overruling the general demurrer to the complaint. An examination of the complaint discloses that it contains the necessary allegations under our statute to constitute a sufficient complaint in ejectment. The general demurrer was properly overruled.

The remaining assignments of error are as follows: That the court erred in overruling the defendants' motion for judgment in their favor at the conclusion of all the testimony offered by the plaintiff; that the court erred in overruling defendants' motion for new trial and in arrest of judgment, enumerated and defined in folios 87 to 91, inclusive, of the abstract of record in this case; that the court erred in permitting and accepting incompetent and irrelevant evidence, documentary and oral, offered by the plaintiff in this case. These assignments are too general to present any question for review. *Liberty Mining & Smelting Co.* v. *Geddes,* 11 Ariz. 54, 90 Pac. 332. It further appears that a consideration of these assignments requires an investigation of the evidence introduced on the trial, which is not printed in the abstract of record. We have repeatedly held that, where the abstract of record fails to contain the evidence, we will not examine the original transcript of the reporter's notes for the purpose of ascertaining whether error exists. Subdivision 6, rule 1 (8 Ariz. v, 71 Pac. vi); *Liberty Mining & Smelting Co.* v. *Geddes, supra; Daniel* v. *Gallagher,* 11 Ariz. 151, 89 Pac. 412;

*Donohoe* v. *El Paso etc. Ry. Co.,* 11 Ariz. 293, 94 Pac. 1091; *Phoenix Ry. Co.* v. *Landis,* 108 Pac. 247.

The errors here considered are those assigned in the brief of appellants filed on the ninth day of November, 1910. To this brief the appellee replied. Subsequently and upon the thirteenth day of January, 1911, five days after the opening of the term at which the case was argued and submitted, the appellants filed a supplemental brief, in which two additional grounds of error are assigned. This brief was filed without leave of the court, and to it no reply has been made by the appellee. The practice of filing such supplemental brief and therein assigning additional error is not contemplated by the statutes, nor by the rules of this court. We therefore do not consider the assignments thus alleged.

No error appearing upon the record as presented, the judgment of the trial court is affirmed.

KENT, C. J., and CAMPBELL and DOE, JJ., concur.