[Civil No. 1276.   Filed November 14, 1912.]

[127 Pac. 719.]

## DAN KINNEY, Appellant, v. F. A. NEIS, Appellee.

1. APPEAL AND ERROR—SUFFICIENCY OF ASSIGNMENTS.—Assignments alleging that the court erred in not rejecting plaintiff's evidence that on a certain day he was the owner of the property mentioned in his bill of sale, in adjudging to plaintiff the right of possession and costs, in dismissing the cross-complaint, and in not granting a new trial, being too general and indefinite and not in conformity with Laws of 1907, Act 74, section 21, and Supreme Court Rule 7 (8 Ariz. xi; 71 Pac. viii), requiring that the brief and argument plainly state the errors complained of and refer to the pages of the record or abstract, were insufficient to present any question for review.

2. APPEAL AND ERROR — PRESUMPTION — SUFFICIENCY OF EVIDENCE— JUDGMENT.—In the absence of a contrary affirmative showing, the evidence below was presumptively insufficient to sustain the allegations of appellant's cross-complaint upon which the trial court adjudged that appellant take nothing.

3. APPEAL AND ERROR—TRANSCRIPT—CERTIFICATION.—Where the transcript was not authenticated by the trial judge as required by Laws of 1907, Act 74, section 15, subdivision 5, assignments of error involving a consideration of the testimony and the trial court's rulings could not be reviewed.

4. APPEAL AND ERROR — ABSTRACT OF RECORD — CONFORMANCE WITH RULE.—The rule requiring an abstract containing only such portions of the record as are necessary to a determination of the assignments of error is reasonable and must be substantially complied with.

APPEAL from a judgment of the Superior Court of the County of Maricopa. J. C. Phillips, Judge. Affirmed.

The facts are stated in the opinion.

Mr. Joe Porter, for Appellant.

No appearance for Appellee.

FRANKLIN, C. J.—In this case the appellant assigns as error: (1) The court erred in not rejecting the evidence offered by plaintiff "that plaintiff was, on the twenty-ninth day of July, 1911, the owner of the property mentioned in his bill of sale." (2) The court erred in adjudging the right of possession of the property in the plaintiff and for his costs. (3) The court erred in dismissing defendant's cross-complaint. (4) The court erred in not granting a new trial. These assignments of error are very general and indefinite, and it has often been held that such are insufficient to present any question for review. *Sanford* v. *Ainsa,* 13 Ariz. 287, 114 Pac. 560; *Liberty M. & S. Co.* v. *Geddes,* 11 Ariz. 54, 90 Pac. 332.

The statute requires that the brief and argument must plainly state the errors complained of and refer to the page or pages of the record or of an abstract thereof, if one be filed in accordance with any rule of the supreme court wherein the error is alleged to exist. Act 74, Laws 1907, sec. 21, and Rule 7 (8 Ariz. xi; 71 Pac. viii) of this court.

In *Charouleau* v. *Shields & Price,* 9 Ariz. 73, 76 Pac. 821, the court very pertinently says: "The object of these provisions, as we have had occasion to say before, is the designation of specified error in order that the court and opposite

counsel may be clearly informed of whatever particular ruling or action below is relied upon for the reversal or modification of the judgment. A proper observance of the statute and rules relating to assignments of error is so essential to the preservation and protection of the right of litigants before this court that their plain requirements are again brought to the attention of the bar.''

As an illustration of the necessity of a particular specification of error as required by the rules, we may advert to appellant's third assignment, under which his counsel says: ''Why the court dismissed the cross-complaint does not appear from the record, but will assume it was for want of jurisdiction.'' In this instance we have assumed the inconvenience of searching through the record to ascertain for what reason appellant was denied any relief on his cross-complaint. And it is very evident, from a scrutiny of the record, that the court did not dismiss the cross-complaint for want of jurisdiction. The minutes of the trial court show that there was no formal ruling on the motion to strike and the demurrer to the cross-complaint. The minutes do show, however, that the case went to trial upon the merits of the complaint and cross-complaint, and the judgment of the court, among other things, recites ''that said defendant take nothing herein under his cross-complaint, and that said cross-complaint be dismissed.''

If we are to indulge, as counsel does with reference to this assignment, in presumptions, the presumption is in favor of the integrity and regularity of the judgment of the trial court. In the absence of an affirmative showing to the contrary, we will presume that the evidence was insufficient to sustain the allegations of the cross-complaint; the intendment being to support the judgment.

This court will always take pleasure in the investigation and determination of legal questions submitted to us, but, in order that we may do so, parties to an appeal must at least substantially observe the plain requirements of the appellate procedure. The general rule is that every presumption of this court is in favor of the regularity of the proceedings had upon the trial in the superior court, and it is the duty of appellants to affirmatively show prejudicial error, otherwise the

judgment of the superior court will be affirmed, unless, of course, the error is manifest and fundamental. In fine, it is the labor of counsel to point out reversible error and not the duty of this court to sift it out with the prolonged and patient effort necessary because of an unfamiliarity with the record.

There is another fatal objection to a review of the errors assigned. They each involve a consideration of the testimony in the case and the rulings of the court during the course of the trial. It has been so many times stated, but we again observe, that the statute making these oral matters a part of the record requires the certificate of the trial judge to the reporter's transcript, or to a statement of facts covering the same, as a prerequisite to the examination thereof. The transcript before us is not so authenticated. Laws 1907, Act 74, sec. 15, subd. 5; *Romero* v. *Territory,* 12 Ariz. 10, 95 Pac. 101.

Again, the abstract of the record fails to comply with the rules in many particulars. This the appellant excuses with the statement that the record is deemed lengthy, impracticable, too expensive to litigants, and the rule requiring the abstract is an unreasonable one.

Without any disrespect to counsel, we will say that under the present appellate procedure, where every paper filed in the case becomes a part of the record, we find the rule, requiring an abstract containing only such portions of the record as the parties deem sufficient upon which to try the assignments of error, a very salutary one and of great convenience to the court in the disposition of its business. The rule requiring an abstract of such record, and the reason of the rule being apparent, counsel, in bringing cases to this court on appeal, are admonished to at least substantially conform to the requirements of the rule.

This is not a case where a strict application of the rules is made. We would be glad to overlook a technical violation of the rules if we could examine the case on the merits without inconvenience. The record presented fails in many important particulars to comply with the law and also with the rules. Thus this court is precluded by the law, and not by any disposition of ours, from examining the case in respect to the assignment of errors made.

XIV Ariz.—21

Manifest and fundamental error not appearing in the record, the judgment of the lower court is affirmed.

CUNNINGHAM and ROSS, JJ., concur.

NOTE.—As to the scope and effect of writs of error, see note in 91 Am. Dec. 193.