[Civil No. 1375.    Filed May 14, 1914.]

[140 Pac. 819.]

## WILL WOOSTER. Appellant, v. WILLIAM SCORSE, Appellee.

1. APPEAL AND ERROR—GROUNDS OF DEFENSE—PRESENTATION IN LOWER COURT.—Where, in an action on a promissory note, defendant pleaded the statute of limitations, and plaintiff pleaded in reply to avoid the bar of the statute, a writing signed by defendant, as well as other written acknowledgments by defendant of the justness of plaintiff's claim, defendant cannot urge on appeal the question of whether the action is properly brought upon the original obligation, as continued by the acknowledgment of the indebtedness, or upon the substituted promise.

2. APPEAL AND ERROR—FINDINGS—EVIDENCE TO SUPPORT—PRESUMPTIONS.—Where all the evidence was not in the record, it must be presumed by the supreme court that the evidence was sufficient to sustain a finding.

3. LIMITATION OF ACTIONS—ACKNOWLEDGMENT OF DEBT—PROOF OF ACKNOWLEDGMENT.—While the question whether certain writings were sufficient, as an acknowledgment of the debt sued for, to remove the bar of the statute of limitations, is a question of law for the court,

evidence showing the writings contained must be given to enable it to determine that question.

[As to acknowledgment sufficient to remove bar of statute of limitations, see notes in 23 Am. Dec. 588; 51 Am. Dec. 330; 102 Am. St. Rep. 781.]

4. LIMITATION OF ACTIONS—ACKNOWLEDGMENT OF DEBT.—The written acknowledgment of a debt need not·be a formal acknowledgment or promise, in order to remove the bar of the statute·of limitations; it being sufficient if it shows that the promisor regards the indebtedness as subsisting.

5. LIMITATIONS OF ACTIONS—AVAILABILITY OF DEFENSE.—While the statute of limitations is as meritorious a defense as any other, the court will not go out of its way to give the benefit of the statute to a debtor seeking to take advantage of his creditor's leniency, in order to defeat the collection of a just debt.

APPEAL from a judgment of the Superior Court of the County of Navajo. Frank O. Smith, Judge. Affirmed.

The facts are stated in the opinion.

Mr. Thorwald Larson, for Appellant.

Mr. Isaac Barth, for Appellee.

FRANKLIN, C. J.—On the eighteenth day of August, 1905, at Navajo county, Arizona, the defendant and appellant made and delivered to the plaintiff and appellee his promissory note for the sum of $1,000, payable one year from date, with annual interest at ten per cent, and secured the same by mortgage on certain lots in the town of Holbrook, Arizona. The debt not having been paid, this action to foreclose the mortgage was begun on the fourteenth day of December, 1910.

The case was tried to the court without a jury, and the court, having made and filed its findings of fact and conclusions of law, rendered judgment for the plaintiff, with a foreclosure of the mortgage.

The defendant interposed the statute of limitations both by demurrer and as an affirmative defense in the answer; the plea of the statute of limitations being based on the provisions of paragraph 2954 of the Revised Statutes of Arizona, providing that actions for debt, where the indebtedness is evidenced by or founded upon any contract in writing, executed within this territory, shall be commenced and prosecuted

within four years after the cause of action shall have accrued, and not afterward. The indebtedness is not denied.

By way of reply and in avoidance of the bar of the statute, as being an acknowledgment of the justness of the claim in suit, the plaintiff pleaded *in haec verba* a writing signed by defendant, and dated February 13, 1909. The plaintiff further alleged that at divers and sundry times and places after said debt became due defendant acknowledged the justness of plaintiff's claim in writing signed by defendant. It was not sought to make this allegation more definite and certain in particulars, nor was the plaintiff's said reply otherwise assailed.

The appellant has, with much care and evidence of research elaborated in his brief in what manner and at what time and under what circumstances a relief from the bar of the statute of limitations should be pleaded, involving, as it does, the character and kind of acknowledgment, whether made before or after the bar is complete, and whether general or conditional.

In fine, whether the action is properly upon the original obligation as continuing by reason of the acknowledgment, or is properly upon the substituted promise. But, upon the record made by the appellant in the lower court, and as here presented, we think he is not in a position to urge such matters for our consideration.

As we consider the question of the statute of limitations decisive of this appeal, we must confine ourselves to this question of the statute of limitations as presented by the record. The transcript of the reporter's notes is short. We quote the material part:

"The Court: Let the record show this case is called for trial at this time.

"Mr. Barth: By agreement of counsel, we are going to introduce into evidence the original note, the original mortgage, and the letter which is on file, and, in addition thereto, a letter written on the 31st.

"The Court: All admitted, and same to be marked, 'A,' 'B,' and 'C.'

"Mr. Barth: That will be all of the plaintiff's case.

"Mr. Barth introduces another letter to which Mr. Larson objects, asking that it be held for identification pending Mr. Wooster's arrival.

"Argument by Mr. Larson.

"The Court: This case is for trial at this time upon the complaint, second amended answer, and reply, joined upon these issues.

"Mr. Larson: I think I will agree that that letter may go in as evidence in order to save time. I should prefer to have Mr. Wooster examine it, but I will agree to have it admitted.

"The Court: Letter will be admitted and marked 'D.'

"Mr. Barth: That is our case.

"The Court: Let the record show that plaintiff rests.

"Defendant offers no evidence.

"Mr. Larson: Then we submit the case to the court."

From the evidence the court, among others, made this finding: "The said note would have become barred by the statute of limitations on the eighteenth day of August, 1910, and that during the year 1909, and prior to the said eighteenth day of August, 1910, the defendant, in a writing and in writings signed by the said defendant, duly acknowledged the justness of the claim of the said plaintiff, upon which this action is based."

It will be noticed from the foregoing that, in addition to the note and mortgage, three letters were introduced in evidence and marked as exhibits. The introduction of these letters was not objected to, but the letters were received in evidence by the express agreement of the defendant. Pursuant to paragraph 1256, Revised Statutes of Arizona of 1913, the appellant filed a notice with the clerk of the superior court specifying the papers or portions of the record which he desired necessary to present the question involved on such appeal. There were three letters introduced and marked as exhibits in the case, but appellant's notice specified only one, to wit, Letter of Will Wooster to William Scorse, dated January 31, 1910, and this letter is the only one presented in the record. This letter reads as follows:

"Holbrook, Arizona, Jan. 31, 1910.
"Wm. Scorse, Taylor, Ariz.

"Dear Sir: Answering yours 5th, I want to see you and have an understanding with you about an extension of time.

I am not going to make a partial payment and then have you foreclose the mortgage for the balance.

"Yours truly,

"WILL WOOSTER."

Whether the foregoing letter in itself is a sufficient acknowledgment of the justness of the claim so as to avoid the bar of the statute it is not necessary to determine. Even if it is not, either of the other writings introduced may have been amply sufficient to sustain the finding of the court that prior to the eighteenth day of August, 1910, the defendant, in a writing and in writings signed by the said defendant, duly acknowledged the justness of the claim of the said plaintiff, upon which this action is based.

All of the evidence not being in the record, we must presume that it was sufficient to sustain the finding. A writing was set out in plaintiff's reply, but from the record presented we have no means of knowing whether it is one of the writings introduced in evidence. It is not otherwise identified than as being on file, and is not incorporated in the record. The three letters were received in evidence by agreement, and whether any one of the letters was the same as the one set out in the pleading the record fails to advise us.

"Not having all the evidence before us, the presumption is that the evidence presented to the lower court was sufficient to sustain the findings of the court." *Williams* v. *Jones,* 10 Ariz. 72, 85 Pac. 400. See, also, *Daniel* v. *Gallagher,* 11 Ariz. 151, 89 Pac. 412; *Title Guaranty etc. Co.* v. *Nichols,* 12 Ariz. 405, 100 Pac. 825; *Phoenix Ry. Co.* v. *Landis,* 13 Ariz. 80, 108 Pac. 247; *Sanford* v. *Ainsa,* 13 Ariz. 287, 114 Pac. 560; *Holmes* v. *Bennett,* 14 Ariz. 298, 127 Pac. 753.

True, the question in this case—whether the writings in evidence were sufficient to remove the bar of the statute of limitations—is one of law for the court, but, as a basis for determining this question of law, there must, of necessity, be evidence submitted showing what such writings contain. There were three such writings, and but one is identified and incorporated in the record.

"The statute does not prescribe any form in which the acknowledgment or promise shall be made. Whether these writings constitute a sufficient 'acknowledgment or promise' is therefore a question of law. The imperative thing is that

it shall be 'contained in some writing, signed by the party to be charged thereby.' The expression 'contained in some writing' clearly indicates that it is not essential that the acknowledgment or promise should be formal, such as that 'I hereby acknowledge,' or 'hereby promise.' It is sufficient if it shows that the writer regards or treats the indebtedness as subsisting. . . .'' *Concannon* v. *Smith,* 134 Cal. 20, 66 Pac. 42; *Senninger* v. *Rowley,* 138 Iowa, 617, 18 L. R. A. (N. S.) 223, 116 N. W. 695; *Dern* v. *Olsen,* 18 Idaho, 358, Ann. Cas. 1912A, 1, 110 Pac. 164.

The statute of limitations furnishes a defense as meritorious as any other. However, as well observed in the case of *Senninger* v. *Rowley, supra:* ''The defense of the statute of limitations is not to be condemned in any case to which it is clearly and fairly applicable, but a court should not and will not go out of its way to give its benefit to a man who seeks to take advantage of the leniency of his creditor to defeat the collection of a just debt which he admits has never been paid.''

Upon the record in this case, the judgment must be affirmed, and it is so ordered.

CUNNINGHAM and ROSS, JJ., concur.

Application for rehearing denied.