181 P.2d 628

## SCHAEFER et ux. v. DUHAME.

No. 4935.

Supreme Court of Arizona.

May 26, 1947.

386

Armstrong & Spector, of Phoenix, for appellants.

Cunningham & Carson, of Phoenix, for appellee.

STANFORD, Chief Justice.

Action was brought in the trial court by appellee, hereinafter called plaintiff, for $10,729.74 claimed due him by defendants (appellants) and to foreclose a mechanic's lien against defendants' real property. Notice and claim of lien had been previously filed. Plaintiff alleged in the complaint that on or about February 1, 1945, the plaintiff and defendants entered into an oral contract for the construction of a dwelling house and garage upon a certain portion of Ashby Acres near Phoenix; that

said contract provided for the payment by defendants to plaintiff of the cost of labor and materials plus five per cent additional for overhead and small tool rental, and plus ten per cent additional for profit.

Defendants' answer admitted entering into the oral contract, but alleged that it was for cost plus ten per cent for profit, but that the cost of the buildings was not to exceed $7,000, and then alleged that the actual cost of the labor and material going into said structure, plus ten per cent, did not exceed $7,000.

The jury in this case rendered its verdict in favor of the plaintiff in the sum of $9,325. Defendants thereupon appealed to this court from the judgment entered on said verdict.

After the defendants filed their opening brief, the plaintiff filed with his answering brief a motion to dismiss in two parts which we should first consider.

First he contends: " * * * that the reporter's transcript herein was never filed in the office of the Clerk of the Superior Court as required by Section 22-202 Arizona Code Annotated 1939, and that such transcript was never presented to the trial judge or approved by him or presented to him for approval or correction as required by *Paragraph* 22-204 Arizona Code Annotated 1939 and in fact was never certified by him as required by *Paragraph* 22-209 Arizona Code Annotated 1939 and was never in the possession of the Clerk of the Superior Court and was not forwarded to this Court by the said Clerk as required by *Paragraph* 21-1825 Arizona Code Annotated 1939."

Section 21-1831, A.C.A.1939, is as follows: "The Supreme Court, or any judge thereof may, for good cause shown, enlarge the time within which any of the things provided in this chapter (article) may be done, but the time for taking an appeal shall not be extended."

There was filed in this court on September 12, 1946, by the defendants an application for enlargement of time within which to file reporter's transcript. The copy filed herein has an acknowledgment for the receipt of same by the attorneys for plaintiff dated September 12, 1946. On September 16, 1946, this court granted the application. At the time the application was granted although the notice for the hearing on same was designated in the notice served on the attorneys, aforesaid, as Monday, September 16, 1946, at the hour of 10 a. m., no one representing the plaintiff appeared causing this court at that time to extend the time by the following minute entry: "On affidavit of counsel for good cause shown ordered that the time for filing the reporter's transcript in the above styled case be extended to and including October 1, 1946." Accompanying the application for notice to extend the time, aforesaid, were the affidavits of A. B. Spector, one of the attorneys for the defendants, and J. B. Ryan, the court reporter for Di-

388

vision No. 5 of the Superior Court in which said case was tried.

 By plaintiff's motion to dismiss he relies on Secs. 22-202 and 22-204, supra. Sec. 22-202 has to do with the time for filing reporter's transcript. Sec. 22-204 has to do with proceedings after filing statement or notice of transcript. In respect to Sec. 22-202 this court stated in Sweeney v. Winslow Gas Co., 64 Ariz. 51, 165 P.2d 316, 318, "However, it is apparent and we hold that under the provisions of the act authorizing the adoption of · the Rules of Civil Procedure for the Superior Courts, being Chapter 8, Session Laws 1939, Section 19-204, A.C.A.1939, Section 22-202 is no longer the governing section. It has definitely been superseded by Rule 75(b) (Section 21-1820, Id.). * * *"

With respect to Sec. 22-204 this court said in its case of Davis v. Kleindienst, 64 Ariz. 67, 165 P.2d 995, 996: "* * * This section allows the parties served with a transcript of the reporter's notes twenty days within which to examine and agree to the correctness of the transcript or to specify wherein it is defective. No appeal could be promptly prosecuted and transmitted to this court within the time prescribed by the new rules if this Section 22-204 were in effect. This section was retained from the 1928 Revised Code, § 3866. By the specific provisions of Rule 75(h), Section 21-1826, Id., it is not necessary for the record on appeal to be approved by the superior court or judge thereof. We hold that when the reporter's transcript has been designated as a part of the record it is not necessary that it be approved by the trial judge unless the correctness of the same is contested, as provided in Rule 75 (h). This interpretation of the rule is in conformity with recent Federal decisions. See William Howard Hay Foundation v. Safety Harbor Sanatorium, Inc., 5 Cir., 1944, 141 F.2d 952, and Middleton v. Hartford Accident & Indemnity Co., 5 Cir., 1941, 119 F.2d 721. We hold that Section 22-204, Id., has been superseded and eliminated from our practice by the enactment of the new rules. * * *"

Our Rule VIII adopted May 1, 1937, is as follows: "If the abstract of record, transcript of the evidence, or appellant's opening brief be not filed within the time prescribed the appeal may be dismissed on motion upon notice given. If the abstract, transcript of the evidence, or opening brief, though not filed within the time prescribed, be on file at the time such notice is given, that fact shall be sufficient answer to the motion. * * *"

For the foregoing reasons the plaintiff's motion to dismiss on the first ground is denied.

Plaintiff next contends that the assignments of error presented by defendants fail to meet the requirements of Rule 12 of the Rules of this court. The specific objection is that defendants' assignments fail to state any grounds of error but

merely point out the ruling to which he objects.

■ Of the twelve assignments submitted, the following, being the 1st, 6th and 12th, are typical examples:

"1. The lower Court erred in refusing to give defendants' requested Instruction No. 7.

"6. The lower Court erred in sustaining objections to the introduction into evidence of defendants' Exhibit No. 5 for identification, being the federal priority authorizing the construction of the house in issue.

"12. The lower Court erred in permitting the plaintiff to recover any amount in excess of $8,000.00, said $8,000.00 being the ceiling price for any house constructed pursuant to federal priority."

Our Rule 12 in reference to assignments of error, in so far as is pertinent here, is as follows:

"1. All assignments of error must distinctly specify each ground of error relied upon and the particular ruling complained of. * * *

\* \* \* \* \* \*

"5. If the refusal to give an instruction asked for by appellant in the court below be assigned as error, the assignment must state the applicability of such instruction to the fact or facts in the case."

From this court's case of Ferrell v. Mutual Benefit, Health & Accident Ass'n, 48 Ariz. 521, 63 P.2d 203, in reference to assignments of error, we said:

" * * * We have adopted certain rules to guide parties in perfecting their appeals and in presenting the reasons therefor. These rules require that an appellant shall among other things point out to the court, definitely and clearly by assignment, the errors of which he complains. An examination of appellant's brief in this case fails to disclose by assignment what error, if any, was committed by the trial court. His effort in that regard is entirely inadequate. The following are his so-called assignments:

" 'Assignment No. 1. The Court erred in granting defendant's motion for judgment on the pleadings.

" 'Assignment No. 2. The Court erred in denying plaintiff's motion to vacate and set aside the order for judgment on the pleadings.

" 'Assignment No. 3. The Court erred in making the following order: "Upon the presentation of formal written judgment in the proper form, judgment is ordered in conformity therewith ''

"We have repeatedly decided that assignments like these do not conform with our rules. * * *'

In its case of Thornburg v. Frye, 44 Ariz. 282, 36 P.2d 548, 549, this court said:

" 'All assignments of error must distinctly specify each ground of error relied up-

on and the particular ruling complained of. * * *

\* \* \* \* \* \*

" '5. If the refusal to give an instruction asked for by appellant in the court below be assigned as error, the assignment must state the applicability of such instruction to the fact or facts of the case.'

"And our rules for years have been substantially the same.

"It is evident on testing the assignments of error by this rule that, with one possible exception, they wholly fail even approximately to comply therewith. We have reiterated the necessity of a compliance with this rule again and again. Federico v. Hancock, 1 Ariz. 511, 25 P. 650; Daggs v. Phœnix Nat. Bank, 5 Ariz. 409, 53 P. 201; Daniel v. Gallagher, 11 Ariz. 151, 89 P. 412; Sanford v. Ainsa, 13 Ariz. 287, 114 P. 560, affirmed 228 U.S. 705, 33 S.Ct. 704, 57 L. Ed. 1033; Liberty Mining & Smelting Co. v. Geddes, 11 Ariz. 54, 90 P. 332; Hardiker v. Rice, 11 Ariz. 401, 94 P. 1094; Williams v. Williams, 37 Ariz. 176, 291 P. 993; Reid v. Van Winkle, 31 Ariz. 267, 252 P. 189. Nor can argument in appellant's brief take the place of proper assignments. Wootan v. Roten, 19 Ariz. 235, 168 P. 640; Pinal County v. Heiner, 24 Ariz. 346, 209 P. 714; Reid v. Van Winkle, supra."

Likewise, in the very recent case of In re Hesse's Estate, 65 Ariz. 169, 177 P.2d 217, this court very strictly followed the rule laid down in the foregoing cases.

Rule 21 of the Rules of the Supreme Court of Arizona reads: "The Court may, *for good cause* shown and *in the furtherance of justice,* suspend or set aside the operation of any rule not statutory in its nature, in any particular case." (Emphasis supplied.)

 We have the authority to suspend or set aside the operation of Rule 12 with reference to assignments of error. However, as a condition precedent to such action on our part, the appellant must show good cause for such suspension and point out that it would be in the furtherance of justice. No such showing could be made in this case as an examination of the entire record discloses that even had Rule 12 been complied with, still the judgment would necessarily have to be affirmed.

 Younger attorneys of our Bar and also attorneys admitted here from other states, may not be familiar with our rules on this subject, and in cases where our attention is not called to assignments of error that are lacking in completeness, we may have rendered opinions in instances where the assignments were bad. However, where an opposing attorney, as in this case, has trouble in determining the meaning of assignments of error because they are not in compliance with our rules, and calls our attention to the defect, we do, and must, adhere to both the rules and our opinions rendered in that respect, and this court will, without our attention being so directed,

whenever we observe such disobedience take the same action.

Our duty compels us to grant this last motion. The motion to dismiss appeal is granted and the judgment of the lower court is affirmed.

LAPRADE and UDALL, JJ., concurring.